## 22444

Ellen BRADLEY and Richard Bradley, Appellants, v. FAMILY FORD SALES, INC., d/b/a Vic Bailey Family Ford Sales, Inc., Respondent.

(339 S. E. (2d) 122)

Supreme Court

*Edward L. Bailey*, Spartanburg, *for appellants.*

*Dwight F. Patterson, Jr.* and *Judson K. Chapin, III*, of *Perrin, Perrin, Mann & Patterson*, Spartanburg, *for respondent.*

Heard Dec. 11, 1985.

Decided Jan. 14, 1986.

HARWELL, Justice:

This appeal arises from the lower court's order granting summary judgment upon both the appellants' complaint and the respondent's counterclaim. We affirm the order of the lower court.

Appellants purchased a used car from respondent, Family Ford Sales, Inc. The retail installment contract was immediately assigned to Ford Motor Credit Company. Shortly thereafter, appellants refused to make further payments and Ford Motor Credit Company brought a claim and delivery action to recover possession of the car. In that action, plaintiffs counterclaimed by alleging fraud, violations of the federal odometer laws, breach of warranty, and unfair trade practices by Family Ford Sales, Inc. Appellants alleged that Ford Motor Credit Company was liable for those claims as a holder of the retail installment contract. Before Ford Motor Credit Company replied to the counterclaims, the case was settled pursuant to a release whereby appellants reserved their rights to proceed against Family Ford Sales, Inc. A consent order was executed and judgment was filed accordingly.

Before that case was settled, appellants filed the present action against Family Ford Sales, Inc. alleging fraud, odometer violations, breach of warranty, and unfair trade practices. Respondent counterclaimed in the present action alleging it was the holder of the contract, and that appellants were liable for a deficiency on the account existing after repossession and resale of the automobile.

Respondent then moved for summary judgment upon the present complaint and its counterclaim. The lower court granted respondent's motions. In so doing, the court held that the order in the first action stopped or barred appellants from continuing their action against respondent. Appellants now appeal the entire order of the lower court and maintain that summary judgment was inappropriate on the counterclaim or the complaint.

The prior action instituted by Ford Motor Credit Company against the Bradleys was settled before it reached trial. The parties executed a receipt and release on June 14, 1983. In this release, the appellants reserved all rights, claims, or causes of action against the respondent. On July 5,

1983, the Court of Common Pleas issued an order of dismissal. The operative language of that order is as follows:

> ORDERED that the above-entitled action [the prior action], including the Complaint and all Counterclaims be, and the same are, hereby dismissed with prejudice *and the parties be and they hereby are forever barred from instituting or maintaining any further action with regard to the matters set forth in the complaint, answer and counterclaims herein.* (emphasis added).

Appellants contend that the lower court should have looked to the parties' intent in order to interpret this order of dismissal. Since the receipt and release sets forth the parties' intentions not to bar any of appellants' claims against the respondent, appellants assert that the lower court should have interpreted the order of dismissal accordingly.

The order of dismissal is not merely an agreement between the parties, it is an order of the court. It stands on its own and does not require resort to any extrinsic documents for a determination of its meaning and effect. Since the language is perfectly plain and capable of legal construction, the words alone will determine the provision's force and effect. "If . . . the judgment is not ambiguous or uncertain, the parol evidence rule applies, and the written judgment should be accepted at its face value and without speculating as to the reasoning employed in reaching the particular result." 46 Am. Jur. (2d) *Judgments* § 72 (1969); *cf. Superior Auto Insurance Co. v. Maners*, 261 S. C. 257, 199 S. E. (2d) 719 (1973); *Perkins v. Parkins*, 279 S. C. 508, 309 S. E. (2d) 784 (S. C. App. 1983).

The broad language of the order, especially the underlined portion, clearly precludes the appellants' ability to maintain an action against the respondent. The appellants may not have so intended to release the respondent, but they did.

The appellants' remaining contentions lack merit and are affirmed pursuant to Rule 23.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.