613 S.E.2d 757

Hassan ABU–SHAWAREB, Appellant,

v.

SOUTH CAROLINA STATE UNIVERSITY, Respondent.

No. 3968.

Court of Appeals of South Carolina.

Heard Dec. 8, 2004.

Decided March 21, 2005.

Rehearing Denied June 22, 2005.

Jay Bender and Holly L. Palmer, both of Columbia, for Appellant.

Wilbur E. Johnson, Stephen L. Brown, and Matthew K. Mahoney, all of Charleston, for Respondent.

STILWELL, J.:

Hassan Abu–Shawareb appeals the trial court's grant of judgment notwithstanding the verdict in favor of South Carolina State University, arguing the court erred by determining a prior order and release barred his bailment claim. We affirm.

## FACTS

In response to a student's sexual harassment complaint, Abu–Shawareb was suspended from the faculty at the university, required to leave campus immediately, and prohibited from returning pending a criminal investigation. He left behind several volumes of his private library in his locked office, along with teaching materials, maps, photographs, and personal mementos.

After he was acquitted on the criminal charge, Abu–Shawareb brought a federal civil rights claim against the university

alleging wrongful suspension and demanding reinstatement. The parties successfully mediated his claim and agreed to enter into a settlement agreement. According to the agreement's terms, the university was to be released from all claims arising out of Abu–Shawareb's employment, and he was to be permitted to return as a tenured faculty member.

Upon returning to the university but prior to signing the release, Abu–Shawareb discovered the contents of his former office were missing. The parties' counsel exchanged correspondence in an attempt to locate the missing items. Abu–Shawareb's attorney informed the university it would have to either locate his client's property or compensate Abu–Shawareb for the loss.

Counsel for the university replied, "It is my understanding that the University is continuing the effort to locate any materials which belong to the Plaintiff. I will keep you aware of the progress of this search. I do not believe that this unresolved issue should forestall the execution of a settlement agreement and I do not understand your letter to suggest that notion." A revised settlement agreement and release, proposed order of dismissal, and settlement check were enclosed with the reply.

Abu–Shawareb executed the revised settlement agreement and release. Although the release made no mention of his missing belongings, Abu–Shawareb's attorneys prepared for him a separate handwritten statement purporting to reserve "any claims relating to the loss or destruction of . . . personal items or professional items housed or stored in the office of Hassan Abu–Shawareb[.]" This document was not executed by anyone on behalf of the university. The release was later adopted and incorporated into the federal court's order of dismissal terminating the litigation.

The missing items were never located, and Abu–Shawareb sued the university alleging causes of action for bailment, negligence, and conversion. The university denied his claims and raised several affirmative defenses, one of which was that the parties' agreement and release incorporated in the order of dismissal in the federal case barred Abu–Shawareb's claims.

At a hearing on a motion for summary judgment, the university argued the release and order of dismissal in the

federal action barred the Abu–Shawareb's claims, relying on *Bradley v. Family Ford Sales, Inc.,* 287 S.C. 401, 339 S.E.2d 122 (1986). The university's motion for summary judgment was taken under advisement by the court and the trial proceeded.

At trial, the university moved for a directed verdict, reasserting Abu–Shawareb's claims were barred by the *Bradley* decision. The court, however, refused to consider the motion and indicated the issue of whether *Bradley* barred the action remained under advisement for final determination on the university's summary judgment motion.[1] The trial court granted Abu–Shawareb's motion for directed verdict on the sole issue of whether a bailment was created. The jury ultimately returned a verdict for $100,000.

After the verdict, the trial court denied the university's motion for summary judgment, finding "that there are sufficient ambiguities in the language of the release that would allow the introduction of extrinsic evidence as to whether or not this cause of action was released[.]" The court also determined "as a matter of law there was no intention on [sic] either party that this cause of action would be released."

The university filed a motion for JNOV or, in the alternative, motion for new trial, again arguing the bailment claim was barred by the provisions of the federal court order. The court determined "the language of the parties' Release, incorporated as an Order by Judge Currie, is broad and comprehensive" and the unambiguous terms of "the Order must be accepted at its face value." The trial court granted the university's JNOV motion after ultimately concluding the *Bradley* case was controlling.

## DISCUSSION

■ Abu–Shawareb contends the trial court erred as a matter of law by granting the university's JNOV motion, arguing the release was ambiguous and, as such, the court was required to determine whether the parties intended to release the university from his bailment claim. We disagree.

---

1. Abu–Shawareb abandoned his conversion and negligence claims during trial and proceeded on bailment alone.

■ When we review a trial court's grant or denial of a motion for directed verdict or JNOV, we reverse only when there is no evidence to support the ruling or when the ruling is governed by an error of law. *Creech v. South Carolina Wildlife & Marine Res. Dep't*, 328 S.C. 24, 29, 491 S.E.2d 571, 573 (1997).

In *Bradley v. Family Ford Sales, Inc.*, 287 S.C. 401, 339 S.E.2d 122 (1986), our supreme court determined a prior order of dismissal that prohibited the parties to that action from "instituting or maintaining any further action with regard to the matters set forth in the complaint, answer and counter-claims herein" barred a subsequent claim by one of the parties based on the circumstances that gave rise to the original action, even though there may have been no intention to release that specific claim. The *Bradley* court held:

> The order of dismissal is not merely an agreement between the parties, it is an order of the court. It stands on its own and does not require resort to any extrinsic documents for a determination of its meaning and effect. Since the language is perfectly plain and capable of legal construction, the words alone will determine the provision's force and effect.

*Id.* at 403, 339 S.E.2d at 124.

In this case, the federal court explicitly stated "that the Settlement Agreement and Release of all Claims is adopted and incorporated herein as the Order of the Court[.]" The referenced release read:

> It is further agreed that this Release sets forth the acceptance of the sum set forth above and is in full and final settlement of any and all claims that the undersigned now has or may have in the future arising out of his employment with Defendant, South Carolina State University, the terms of his employment with Defendant, South Carolina State University, events surrounding his employment and the suspension of his employment, including but not limited to the claims set forth hereinabove.

Abu–Shawareb contends *Bradley* can be distinguished because the order of the court contained the specific operative language and did not rely on any extrinsic document, whereas the court order involved here requires reference to a separate document. We view this as a distinction without a difference,

because the language carefully chosen and employed by the court in adopting and incorporating the release as a part of its order is the functional equivalent of reciting the language in the body of the order.

■ Because the release does not specifically include his bailment claim, Abu–Shawareb argues it is ambiguous, requiring the trial court to look at parol evidence to determine the parties' intentions. Although the release is broad, it is not ambiguous. *See Jordan v. Sec. Group, Inc.,* 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) (holding silence alone does not create an ambiguity). Ambiguity is created only when a release is inconsistent on its face or is reasonably susceptible of more than one interpretation. *See e.g., Hawkins v. Greenwood Dev. Corp.,* 328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct.App.1997). The release here clearly and definitely precludes future claims arising out of Abu–Shawareb's employment with the university and events surrounding his employment and suspension. Abu–Shawareb acknowledges his bailment claim arose from his employment by and suspension from the university. Accordingly, his claim is properly barred by the language of the release as incorporated in the order of dismissal. *See Bradley,* 287 S.C. at 403, 339 S.E.2d at 124 (" 'If ... the judgment is not ambiguous or uncertain, the parol evidence rule applies, and the written judgment should be accepted at its face value and without speculating as to the reasoning employed at reaching the particular result.' ").

■ Abu–Shawareb also contends the trial court's denial of the university's summary judgment motion was inconsistent with its grant of the university's JNOV motion, because the former ruling was based on a finding the release was ambiguous while the latter found the release and order were clear. It is not error for the trial court to change its mind and reconsider a motion for summary judgment. *See PPG Indus., Inc. v. Orangeburg Paint & Decorating Ctr., Inc.,* 297 S.C. 176, 183, 375 S.E.2d 331, 335 (Ct.App.1988) ("The trial judge, under our procedure, is afforded many opportunities to change his mind."); *Brown v. Pearson,* 326 S.C. 409, 416–17, 483 S.E.2d 477, 481 (Ct.App.1997) (holding the decision whether to reconsider a motion for summary judgment is within the trial

judge's discretion). The denial of summary judgment does not finally determine the merits of the case, and issues raised in a motion may be raised again in a motion to reconsider summary judgment or in a motion for directed verdict. *Id.*

## CONCLUSION

Because we read the language of the parties' release and the court order incorporating it as perfectly plain and capable of legal construction, we conclude the supreme court's holding in *Bradley* controls to preclude Abu–Shawareb from maintaining his bailment action regardless of the parties' intentions.

**AFFIRMED.**

BEATTY and SHORT, JJ., concur.