THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Harvey J. Rosen, Joseph B. Rosen and Rebecca Nurick, Appellants,
 v.
 The University of South Carolina and The University of South Carolina Gamecock Club, Respondents.
 
 
 

Appeal From Richland County
 Joseph M. Strickland, Circuit Court Judge

Unpublished Opinion No. 2011-UP-331
Heard February 9, 2011  Filed June 27, 2011   

REVERSED AND REMANDED

 
 
 
 J. Lewis Cromer and Julius W. Babb, IV, of Columbia, for Appellants.
 William H. Davidson, II, and Andrew F. Lindemann, of Columbia, for Respondents.
 
 
 

HUFF, J.:  Harvey J. Rosen, Joseph B. Rosen, and Rebecca Nurick (collectively, Rosens) appeal the trial court's order granting summary judgment
to the University of South Carolina and the University of South Carolina Gamecock Club (collectively, the University) on the Rosens' claims for breach of
contract and constitutional taking.  We reverse and remand.
FACTS/PROCEDURAL HISTORY
The Rosens donated approximately $140,000 in money and property to the University and, in exchange, became Lifetime Silver Spur Scholarship members in the
Gamecock Club.  In 1987, the parties executed contracts memorializing the terms of the agreement.  Exhibit A to the contracts listed the benefits and
priorities the Rosens received.  The exhibit provided:

 LIFETIME FULL SCHOLARSHIP
 --Four Season Football Tickets (Best Available)
 --Additional Four Season Football Tickets (Total of 8)
 --Assigned Reserved Parking
 --Second Priority on Away and Bowl Game Tickets
 --Tickets May Be Assigned to One Designated Heir
 --Four Season Basketball Tickets (Best Available)
 --Assigned Parking at the Coliseum (If Available)
 --Second Priority on Away and Tournament Game
 Tickets
 --Second Priority on any Tickets Involving any other South Carolina Athletic Events

In the contracts, each of the Rosens designated a beneficiary to receive the lifetime membership upon the Rosens' deaths.  This designation
provided:  "Upon the death of [], this Lifetime Silver Spur membership will be transferred to [] for his lifetime only."
In 2007, the University initiated a fee for the assigned reserved parking at the football stadium for the Gamecock Club donors.  Until that time, the
Rosens had not paid for parking.  However, they had paid for the athletic event tickets. 
The Rosens brought this action against the University originally asserting causes of action for breach of contract, conversion, and violation of the South
Carolina Unfair Trade Practices Act (UTPA)[1]. They amended their complaint to add a claim for a constitutional
taking.  The University denied their claims.  Both sides moved for summary judgment. 
The trial court found all of the issues were subsumed in the breach of contract issue.[2]  It held the
contracts between the University and the Rosens were not ambiguous and contained no language that the privileges were "free" or signified any value
was assigned to the privileges.  It noted the Rosens had paid for the football tickets over the years, including the increases in the price of the tickets.
 It found that lifetime donors, such as the Rosens, only received the benefit of maintaining their donor level in the Gamecock Club, regardless of any
increase in dues, without ever having to contribute yearly dues in the future.  The trial court granted the University's motion for summary judgment. 
The Rosens filed a motion to alter or amend, which the trial court denied.  This appeal followed. 
STANDARD OF REVIEW
This court reviews the grant of a motion for summary judgment applying the same standard that governs the trial court.  Wogan v. Kunze, 379 S.C.
581, 585, 666 S.E.2d 901, 903 (2008).  Summary judgment is proper where no genuine issue exists as to any material fact and the moving party is entitled to
judgment as a matter of law.  Id.; Rule 56(c), SCRCP.  In determining whether any triable issues of fact exist, the evidence and all reasonable
inferences that can be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  Law v. S.C. Dep't of Corr., 368
S.C. 424, 434, 629 S.E.2d 642, 648 (2006).  "Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences
to be drawn from them, summary judgment should be denied."  Wilson v. Style Crest Prods., Inc., 367 S.C. 653, 656, 627 S.E.2d 733, 735
(2006).  "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of
evidence in order to withstand a motion for summary judgment."  Hancock v. Mid-South Mgmt. Co., 381 S.C. 326, 330, 673 S.E.2d 801, 803
(2009). 
LAW/ANALYSIS
The Rosens argue the trial court erred in finding the language of the contracts to be unambiguous. 
"It is a question of law for the court whether the language of a contract is ambiguous."  S.C. Dep't of Natural Res. v. Town of
McClellanville, 345 S.C. 617, 623, 550 S.E.2d 299, 302-03 (2001).  "Whether a contract is ambiguous is to be determined from the entire contract
and not from isolated portions of the contract."  Farr v. Duke Power Co., 265 S.C. 356, 362, 218 S.E.2d 431, 433 (1975). 

 A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context
 of the entire integrated agreement and who is cognizant of the customs, practices, usages, and terminology as generally understood in the particular trade or
 business.

Hawkins v. Greenwood Dev. Corp., 328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct. App. 1997) (quoting 17A Am.Jur.2d Contracts § 338, at 345
(1991)).  Construction of an ambiguous contract is a question of fact.  Skull Creek Club Ltd. P'ship v. Cook & Book, Inc., 313 S.C. 283,
286, 437 S.E.2d 163, 165 (Ct. App. 1993). 
At oral argument, the University urged this court to consider that the Rosens paid for football tickets, including the increases in football ticket prices,
as the "customs, practices, [and] usages" of the Gamecock Club.  In considering the payment of ticket prices, we must also consider that during
the same time period, the Rosens were not required to pay for the parking spaces.  Exhibit A made no distinction in the language used describing the
tickets and parking spaces.  It neither stated additional charges would apply or that the benefits would be free.  When considering "the customs,
practices, [and] usages" of the Gamecock Club that despite similar language, the members paid for tickets but did not pay for parking, we find the
contracts to be ambiguous as to the parking issue.  
The Rosens also contend the designation of beneficiary provision is ambiguous.  The provision specified:  "Upon the death of [], this Lifetime
Silver Spur membership will be transferred to [] for his lifetime only."  As the Rosens assert, this provision is completely silent as to whether the
beneficiary can be changed. 
The University relies on this court's opinion in Abu-Shawareb v. S.C. State Univ., 364 S.C. 358, 613 S.E.2d 757 (Ct. App. 2005), to support its
contention that the provision is not ambiguous.  In Abu-Shawareb, this court found the absence of any mention of a bailment action in a settlement
agreement in which the appellant released "any and all claims" against the respondent did not create an ambiguity that would allow the appellant to
introduce parol evidence that the parties did not intend to include the bailment action in the agreement.  Id. at 362-63, 613 S.E.2d at
759-60.  This court noted silence alone does not create an ambiguity.  Id. at 363, 613 S.E.2d at 760. 
However, our supreme court and this court have also recognized when an agreement is silent as to a particular matter and because of the nature and character
of the transaction an ambiguity arises, parol evidence may be admitted in order to supply a deficiency in the language of the contract.  Penton v. J.F.
Cleckley & Co., 326 S.C. 275, 281, 486 S.E.2d 742, 745 (1997); Lindsay v. Lindsay, 328 S.C. 329, 343, 491 S.E.2d 583, 591 (Ct. App. 1997); Ebert
v. Ebert, 320 S.C. 331, 339, 465 S.E.2d 121, 126 (Ct.App.1995); U.S. Leasing Corp. v. Janicare, Inc., 294 S.C. 312, 318, 364 S.E.2d 202, 205, (Ct.
App. 1988).  Parol evidence is admissible not to contradict the terms of the written agreement but to determine the intent of the parties as to that
particular matter.  Id.
In the present case, the contracts did not specifically prohibit or allow a change of the designated beneficiary.  It is impossible from the plain
language of the contracts to determine if the parties intended to allow the change.  Thus, we find this provision is also ambiguous. 
We hold the trial court erred in holding the contracts were not ambiguous.  Accordingly, the trial court's order granting summary judgment in favor of
the University is
REVERSED AND REMANDED.[3]
SHORT, J., concurs.  PIEPER, J., concurring in part and dissenting in part in a separate opinion. 
PIEPER, J., concurring in part and dissenting in part:  I agree with the majority decision to reverse and remand as to the parking issue. 
However, I respectfully dissent as to the beneficiary issue and would affirm the trial court's determination that the contracts are unambiguous as to this issue
and do not allow a change of beneficiary.
In regard to the beneficiary provisions, the contracts provided only as follows:  "Upon the death of [], this Lifetime Silver Spur membership will
be transferred to [] for his lifetime only."  As noted in the majority opinion, the contracts do not expressly permit or prohibit a change in
beneficiaries.  However, silence in the contracts regarding the ability to change beneficiaries does not necessarily render the contracts ambiguous.  See
Jordan v. Sec. Group, Inc., 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) (holding silence alone does not create an ambiguity).  Rather, the
contracts are ambiguous only if the absence of language as to whether the Rosens may change beneficiaries renders the agreements reasonably susceptible to more
than one interpretation. See Abu-Shawareb v. S.C. State Univ., 364 S.C. 358, 363, 613 S.E.2d 757, 760 (Ct. App. 2005) (holding an ambiguity arises
only when a contract is either inconsistent on its face or reasonably susceptible to more than one interpretation); see also McNair v. United Energy
Distribs., 390 S.C. 44, 53-54, 699 S.E.2d 723, 728 (Ct. App. 2010) (holding that where the language of a contract is plain and capable of legal
construction, that language alone determines the instrument's force and effect).  Looking to the language of the contracts, I find no
inconsistencies.  Also, I do not find the beneficiary provisions susceptible to more than one interpretation.  Therefore, I would affirm the trial
court's determination that the contracts are unambiguous in regard to the beneficiary provisions and do not permit the Rosens to change the named
beneficiaries. 

[1] S.C. Code Ann. §§ 39510 to 560 (1985 & Supp. 2010).
[2] The Rosens abandoned their UTPA claim at the hearing. 
[3] Because of our disposition of this issue, we decline to address the Rosens' remaining issues and the
University's arguments purporting to be additional sustaining grounds.  See I'On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 420, 526
S.E.2d 716, 723 (2000) (holding it is within the appellate court's discretion whether to address any of respondent's additional sustaining grounds); Futch v.
McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is
dispositive of an appeal, rulings on remaining issues are unnecessary).