514 S.E.2d 592

The GYNECOLOGY CLINIC, INC., d/b/a Palmetto
State Medical Center, Respondent,

v.

Pastor Michael CLOER and Pastors for Life, Inc., Appellants.

No. 24920.

Supreme Court of South Carolina.

Heard Feb. 2, 1999.

Decided March 15, 1999.

Terry Haskins, of Greenville; and James Matthew Henderson, Sr., of The American Center for Law and Justice, of Washington, DC, for appellants.

Suzanne E. Coe, of Law Office of Suzanne E. Coe, of Greenville, for respondent.

PER CURIAM:

This is an appeal from an order finding appellants engaged in a civil conspiracy, and enjoining their picketing activities directed towards respondent, an abortion services provider. We affirm.

 Appellants first assert that, because their actions are protected by the First Amendment, they cannot be the basis for a civil conspiracy. Under South Carolina law, "lawful acts may become actionable as a civil conspiracy when the 'object is to ruin or damage the business of another.'" *LaMotte v. Punch Line of Columbia, Inc.,* 296 S.C. 66, 370 S.E.2d 711 (1988). The record is replete with evidence that appellants' goal is to discourage women from patronizing respondent's business with the goal of making abortion unavailable. Assuming appellants' acts were lawful, that fact does not prevent the finding of a civil conspiracy. *LaMotte v. Punch Line of Columbia, Inc., supra.*

 Appellants next contend that respondent did not prove a conspiracy because respondent did not show special damages. An action for civil conspiracy is an action at law, and the trial judge's findings will be upheld on appeal unless they are without evidentiary support. *Future Group II v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996). In a conspir-

acy action, what is required is proof of the fact of damages, not certainty of amount. *Charles v. Texas Co.,* 199 S.C. 156, 18 S.E.2d 719 (1942). "The elements which go to make up such damages must depend on the nature of the act and the injury." *Id.* Appellants' own literature, which claims to have damaged respondent by causing a dramatic drop in the number of abortions performed at the clinic, is itself evidence of damages. We affirm the trial judge's damages findings. *Future Group II v. Nationsbank, supra.*

Finally, appellants raise numerous evidentiary challenges to the findings of the trial judge which form the basis for the injunctive relief granted respondent. We find no evidentiary or constitutional error in the injunction issued here. *Schenck v. Pro–Choice Network of Western New York,* 519 U.S. 357, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997); *Madsen v. Women's Health Center, Inc.,* 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994). Accordingly, the order appealed from is

**AFFIRMED.**