633 S.E.2d 505

Russ and Lee PYE, Justin Enterprises, a South Carolina General Partnership, Appellants,

v.

ESTATE OF Dorothy T. FOX, John Richard Fox, III, A Personal Representative, Estate of John C. Fox, and G. Thomas Hill (Tommy Hill), Respondents.

No. 26193.

Supreme Court of South Carolina.

Heard Jan. 5, 2006.

Decided July 24, 2006.

---

556

558

Chalmers C. Johnson, of Chalmers Johnson Law Firm, of Charleston, for Appellants.

Coming B. Gibbs, Jr., of Gibbs & Holmes, of Charleston, for Respondents Estate of Dorothy T. Fox, John Richard Fox, III, as Personal Representative, and Estate of John C. Fox.

David W. Overstreet and David J. Harmon, both of Carlock Copeland Semler & Stair, LLP, of Charleston, for Respondent G. Thomas Hill.

Acting Justice ANDERSON:

Russ and Lee Pye, along with their partnership, Justin Enterprises (the Pyes), initiated this action against the Estate of Dorothy T. Fox, the Estate of John C. Fox, John Richard Fox, III (the Foxes), and attorney G. Thomas Hill, alleging (1) abuse of process, (2) civil conspiracy, and (3) a violation of the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C.Code Ann. section 15–36–10. The circuit court dismissed Hill from the action at the summary judgment stage, and

directed a verdict in favor of the Foxes at the close of the Pyes' case. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The Pyes own two adjacent parcels of land, known as Encampment Plantation and Encampment Plantation Drive, located on Highway 17 in Charleston County. The Foxes have an easement for ingress and egress over Encampment Plantation Drive which allows them access from their land to Highway 17. At least one additional parcel separates the Pyes' land from the Foxes'.

Dr. Southard owns property adjacent to the Pyes and has an easement over Encampment Plantation Drive. Soon after Southard purchased his tract he began requesting that the Pyes alter the travel lane over Encampment Plantation Drive. Due to the layout of the lane, Southard was forced to make a ninety-degree turn in order to access his property. Southard engaged in logging on the land, and the cumbersome ninety-degree turn inhibited access for the logging trucks.

Initially, the Pyes resisted Southard's request to realign the travel lane. According to Mrs. Pye's testimony at trial, Southard's proposal would have required the removal of one of several "Grand Trees" which were protected by a county ordinance. However, an Act of God intervened when lightening struck one of the Grand Trees. As a result, the Pyes realigned the lane on Encampment Plantation Drive to turn at a forty-five-degree angle and pass over where the fallen Grand Tree once stood. The Pyes planted shrubbery to cover the former path. Despite the Pyes' rearrangement of the travel lane, several lawsuits ensued.

On February 27, 2002, attorney Hill filed suit 02–CP–10–903, which was captioned *Estate of John Carlton Fox v. Justin Enterprises, A South Carolina General Partnership, Russ Pye and Lee Pye* (Suit 903). However, John Carlton Fox's estate was already closed. Therefore, Suit 903 was eventually dismissed. On May 16, 2002, civil action number 02–CP–10–2131 (Suit 2131) was filed. Suit 2131 alleged the same causes of action as Suit 903, but was captioned *Estate of Dorothy T. Fox, John Richard Fox, III, as Personal Representative, John Richard Fox, III, and Developments Unlimited, LLC.* The

Foxes were dismissed as plaintiffs from Suit 2131 on December 19, 2002, but the action continued with Dr. Southard's company, Developments Unlimited, LLC, as the sole plaintiff.

Thus, the Foxes filed two lawsuits against the Pyes, but they were eventually dismissed from both suits. Hill represented the Foxes in each action. Based on these lawsuits, the Pyes initiated the case *sub judice* against the Foxes for abuse of process, civil conspiracy, and violation of S.C.Code Ann. section 15–36–10, the South Carolina Frivolous Civil Proceedings Sanctions Act, and against Hill on the civil conspiracy and frivolous proceedings act claims.

Hill moved for summary judgment on the civil conspiracy cause of action. The circuit judge granted the motion reasoning the Pyes stated the same claim under the frivolous proceedings act.

Subsequently, Hill filed a motion for summary judgment on the frivolous proceedings act claim. The court scheduled the summary judgment motion in conjunction with the Pyes' Rule 59 motion to alter or amend. The Pyes agreed to withdraw the frivolous proceedings act claim based on *In re Beard*, 359 S.C. 351, 597 S.E.2d 835 (Ct.App.2004). The court of appeals, in *In re Beard*, held that the Frivolous Proceedings Sanctions Act was subject to the general ten-day limitation for post-trial motions. Thus, the Pyes' claim under the act was time barred.

The court then heard the Pyes' Rule 59(e) motion. The judge previously had granted summary judgment finding the civil conspiracy claim was adequately addressed by the frivolous proceedings cause of action. According to the Pyes, because the frivolous proceedings claim was not viable, the basis for the court's decision did not apply. The following colloquy occurred at the hearing:

**The Court:** What are you suggesting that he did outside of his duty as a lawyer? That's the problem. I didn't hear anything that he did, or didn't do, that wasn't really tied to what his responsibilities were to his client.

**Ms. Hunt:** Essentially, Your Honor, the evidence sets forth in my memoranda, that Mr. Hill had conversations with Mr. Fox prior to filing the lawsuit that Mr. Fox—Mr. Fox testified in his deposition that he actually took it upon

himself to file the lawsuit and that he didn't inform him that the estate was closed. He acted outside that realm when he takes it upon himself to give people permission to enter upon the plaintiffs' property to measure trees—he ventured—he's outside that attorney-client relationship by—

. . . .

**The Court:** [D]o you have any proof that he gave them permission to go anywhere outside the easement?

**Ms. Hunt:** No, Your Honor.

**The Court:** Okay. Then as long as it is confined to the easement, then he had a duty to do what he did. Okay. Thank you.

**Ms. Hunt:** Thank you, Your Honor.

**The Court:** I deny the Motion to Reconsider.

The case was tried before a jury with two causes of action surviving against the Foxes—abuse of process and civil conspiracy. At the close of the Pyes' case, the Foxes moved for a directed verdict. The court found no evidence of an ulterior purpose or willful abuse of process in the proceedings the Foxes initiated. Therefore, the judge directed a verdict on the abuse of process claim. The Pyes do not appeal this ruling. Next, the circuit court addressed the civil conspiracy claim:

As to the conspiracy, I understand the dilemma here, Ms. Hunt, and I understand you're contemplating appealing that. I realize that situation. There is no evidence, because Mr. Hill had been dismissed prior to this lawsuit. So there was no—you couldn't have really had any testimony concerning that. So, there's no evidence concerning a conspiracy on the part of Mr. Fox. He can't conspire with himself. That being the case, the Court would also grant the directed verdict as to the conspiracy action and, therefore, directs a verdict for the Defendant in this matter.

The Pyes present two issues on appeal: (1) whether the circuit court erred in granting summary judgment to dismiss the civil conspiracy cause of action against Hill; and (2) whether the circuit court erred in directing a verdict in favor of the Foxes.

## STANDARD OF REVIEW

### Summary Judgment

■ When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Pittman v. Grand Strand Entm't, Inc.*, 363 S.C. 531, 611 S.E.2d 922 (2005); *B & B Liquors, Inc. v. O'Neil*, 361 S.C. 267, 603 S.E.2d 629 (Ct.App.2004). In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Medical Univ. of South Carolina v. Arnaud*, 360 S.C. 615, 602 S.E.2d 747 (2004); *Rife v. Hitachi Constr. Mach. Co., Ltd.*, 363 S.C. 209, 609 S.E.2d 565 (Ct.App.2005). If triable issues exist, those issues must go to the jury. *Mulherin–Howell v. Cobb*, 362 S.C. 588, 608 S.E.2d 587 (Ct.App.2005).

### Directed Verdict

■ In ruling on motions for directed verdict or judgment notwithstanding the verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions. The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt. *Steinke v. South Carolina Dep't of Labor, Licensing & Reg.*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999). If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion should have been denied. *Jinks v. Richland County*, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003); *Adams v. G.J. Creel Sons, Inc.*, 320 S.C. 274, 277, 465 S.E.2d 84, 85 (1995). In deciding whether to grant or deny a directed verdict motion, the trial court is concerned only with the existence or nonexistence of evidence. *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 15, 567 S.E.2d 881, 888 (Ct.App.2002).

■ This Court will reverse only where there is no evidence to support the trial court's ruling, or where the ruling was controlled by an error of law. *Clark v. S.C. Dep't of Public*

564

*Safety*, 362 S.C. 377, 382–83, 608 S.E.2d 573, 576 (2005); *Steinke v. S.C. Dep't of Labor, Licensing Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999); *Abu–Shawareb v. S.C. State Univ.*, 364 S.C. 358, 613 S.E.2d 757 (Ct.App.2005); *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 418 (Ct.App.2000). Essentially, this Court must resolve whether it would be reasonably conceivable to have a verdict for a party opposing the motion under the facts as liberally construed in the opposing party's favor. *Harvey v. Strickland*, 350 S.C. 303, 309, 566 S.E.2d 529, 532 (2002); *Hanahan v. Simpson*, 326 S.C. 140, 149, 485 S.E.2d 903, 908 (1997).

## *LAW/ANALYSIS*

### I. Summary Judgment

#### A. Issue Preservation

The Pyes contend the circuit court erred in granting summary judgment in favor of Hill.

■ Generally, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986). In *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995), this Court held "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client."

■ For the first time on appeal, the Pyes allege that Hill breached an independent duty owed to them. According to the Pyes, Hill owed the Pyes a duty based on Rule 11, SCRCP and S.C.Code Ann. section 16–17–10, the barratry statute. This issue was not presented to or ruled upon by the trial judge and is not preserved for our review.

■ It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved. *See generally Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 531 S.E.2d 282

(2000); *Staubes v. City of Folly Beach,* 339 S.C. 406, 529 S.E.2d 543 (2000).

■ The Pyes raise for the first time on appeal the theory that Hill should be held liable for civil conspiracy on the basis of a duty he owed to them. They did not present this issue at the initial summary judgment hearing or at the Rule 59(e) hearing. Therefore, this issue is not properly before us, and we will not consider it now for the first time on appeal.

The theory the Pyes did raise to the trial judge at the Rule 59(e) hearing was that Hill should be held liable for acting outside the scope of his professional duties and in his own interest. In support of this argument the Pyes presented two factual incidents: (1) Hill allegedly asked Fox to join in litigation against the Pyes and then filed a lawsuit in the name of the Estate of John Carlton Fox without Richard Fox's permission; and (2) Hill granted a third party permission to enter Encampment Plantation Drive to take some measurements. The circuit court specifically addressed the granting permission to enter the land and declared that act was not outside the scope of Hill's representation of his client. The Pyes do not appeal this aspect of the judge's ruling.

■ The court did not address Hill's alleged solicitation of Fox or his filing of the lawsuit without the client's knowledge. Hill contends that because the circuit court did not rule on this issue at the Rule 59(e) hearing, it is not preserved. We disagree.

■ Generally, an issue must be raised to and ruled upon by the circuit court to be preserved. *Elam v. S. Carolina Dep't of Trans.,* 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (noting a party must file a Rule 59(e) motion "when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review"). However, an exception to this rule exists where an issue *is raised* but *not ruled upon* at a Rule 59(e) hearing. In *Coward Hund,* the court of appeals explained:

> "The purpose of Rule 59(e), SCRCP, to alter or amend the judgment[,] is to request the trial judge to 'reconsider matters properly encompassed in a decision on the merits.'" *Arnold v. State,* 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992)

(quoting *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). As one authority has noted, **"Once the issue has been properly raised by a Rule 59(e) motion, it appears that it is preserved and a second motion is not required if the trial court does not specifically rule on the issue so raised."** *James F. Flanagan South Carolina Civil Procedure* 475 (2d ed.1996).

*Coward Hund Const. Co., Inc. v. Ball Corp.,* 336 S.C. 1, 4, 518 S.E.2d 56, 58 (Ct.App.1999) (emphasis added); *see also Collins Music Co., Inc. v. IGT,* 353 S.C. 559, 579 S.E.2d 524 (Ct.App. 2002) (quoting *Coward Hund* ). In *Pressley v. Lancaster County,* 343 S.C. 696, 542 S.E.2d 366 (Ct.App.2001), the court of appeals, citing *Coward Hund,* applied this principle when the court addressed the merits of an argument which Pressley raised at trial and in a Rule 59(e) motion, but which the trial court "summarily denied." *See Pressley,* 343 S.C. at 706 n. 4, 542 S.E.2d at 371 n. 4.

Professor Flanagan further edifies:

One commentator noted: "Lawyers cannot force a trial judge to address a disputed issue." Moreover, the Supreme Court identifies two ways to preserve the issue: "a ruling by the trial judge or a post-trial motion." The language implies that a properly requested ruling under Rule 59 is sufficient without a specific judicial decision on the matter.

*South Carolina Civil Procedure* 475–76 (2nd ed.1996) (footnotes omitted) (quoting Charles E. Carpenter, Jr. *Preserving Error for Appeal,* South Carolina Lawyer, 15, 18 (Mar./Apr. 1995) and *Pelican Bldg. Ctrs. v. Dutton,* 311 S.C. 56, 427 S.E.2d 673 (1993)).

In the instant case, the Pyes raised the issue whether Hill acted outside the scope of his professional responsibilities by allegedly soliciting Fox to join in litigation against the Pyes and by filing the suit without Fox's knowledge. The Pyes asserted this theory both at the summary judgment hearing and the Rule 59(e) hearing. Consequently, this issue is preserved for our review, even though the circuit judge did not rule on the theory.

## B. Civil Conspiracy

The elements of a civil conspiracy in South Carolina are (1) the combination of two or more people, (2) for the

purpose of injuring the plaintiff, (3) which causes special damages. *LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 370 S.E.2d 711 (1988); *Cowburn v. Leventis*, 366 S.C. 20, 49, 619 S.E.2d 437, 453 (Ct.App.2005); *Ellis v. Davidson*, 358 S.C. 509, 595 S.E.2d 817 (Ct.App.2004); *see also Peoples Federal Savings & Loan Ass'n of S. Carolina v. Resources Planning Corp.*, 358 S.C. 460, 470, 596 S.E.2d 51, 56–57 (2004) ("A civil conspiracy is a combination of two or more parties joined for the purpose of injuring the plaintiff and thereby causing special damage.") (citation omitted). It is essential that the plaintiff prove all of these elements in order to recover. *Lyon v. Sinclair Refining Co.*, 189 S.C. 136, 200 S.E. 78 (1938). The "essential consideration" in civil conspiracy "is not whether lawful or unlawful acts or means are employed to further the conspiracy, but whether the primary purpose or object of the combination is to injure the plaintiff." *Lee v. Chesterfield General Hosp., Inc.*, 289 S.C. 6, 13, 344 S.E.2d 379, 383 (Ct.App.1986).

"[I]n order to establish a conspiracy, evidence, direct or circumstantial, must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise." *Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 601, 358 S.E.2d 150, 153 (Ct.App.1987); *accord Cowburn*, 366 S.C. at 49, 619 S.E.2d at 453. This Court has observed:

> Conspiracy may be inferred from the very nature of the acts done, the relationship of the parties, the interests of the alleged conspirators, and other circumstances. *Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 358 S.E.2d 150 (Ct.App. 1987). "Civil conspiracy is an act which is by its very nature covert and clandestine and usually not susceptible of proof by direct evidence. . . ." *Id.* at 601, 358 S.E.2d at 153. An action for civil conspiracy is an action at law; the trial judge's findings will be upheld on appeal unless they are without evidentiary support. *Gynecology Clinic v. Cloer*, 334 S.C. 555, 514 S.E.2d 592 (1999).

*Peoples Federal*, 358 S.C. at 470, 596 S.E.2d at 57.

The gravamen of the tort of civil conspiracy is the damage resulting to the plaintiff from an overt act done

pursuant to the combination, not the agreement or combination per se. *Lee,* 289 S.C. 6, 344 S.E.2d 379. "[A]n unlawful act is not a necessary element of the tort." *Id.* at 11, 344 S.E.2d at 382. Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action. *Vaught v. Waites,* 300 S.C. 201, 387 S.E.2d 91 (Ct.App.1989).

Although the theory of Hill's scope of representation is properly preserved, we do not need to reach this issue. Instead, we affirm the circuit court's grant of summary judgment under Rule 220(c), SCACR and *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000). The Pyes failed to establish the elements of civil conspiracy. There was absolutely no evidence submitted at the summary judgment stage supporting an agreement between Hill and Richard Fox to injure the Pyes. The only evidence the Pyes proffered to establish that Hill's actions were outside the scope of his representation is the following statement from Richard Fox's deposition testimony: "I stopped by Mr. Hill's office and he asked me if we wanted to get involved in opening the road and I said yes. And at the time—I should have probably given him more information but he took it on his own and that's when he filed it under my father's estate which had already been closed." Yet, even in a light most favorable to the Pyes, Richard Fox's statement does not establish any wrongful intent by the Foxes to injure the Pyes. Accordingly, we affirm the circuit court's summary judgment on the basis that the Pyes failed to offer proof of an agreement between Hill and the Foxes to injure the Pyes.

## II. Directed Verdict

At the conclusion of the Pyes' case, the circuit court directed a verdict for the Foxes on civil conspiracy, finding that since Hill had been dismissed from the case, there could be no testimony about a conspiracy. The Pyes maintain that Hill's immunity from liability does not eviscerate their case against the Foxes for conspiracy. They claim the court should have considered the evidence of conspiracy against the Foxes rather than directing a verdict. We affirm pursuant to Rule 220(c), SCACR and *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000).

█ After reviewing the evidence presented at trial, we conclude the Pyes failed to satisfy the elements of civil conspiracy. The Pyes did not proffer any evidence of an agreement by Hill and the Foxes to injure the Pyes. A directed verdict is proper where the evidence raises no issues for the jury as to liability. *See Carolina Home Builders, Inc. v. Armstrong Furnace Co.*, 259 S.C. 346, 358, 191 S.E.2d 774, 779 (1972). Therefore, we affirm the court's directed verdict in favor of the Foxes based on the Pyes' failure to present evidence of a necessary element of civil conspiracy.

## CONCLUSION

Hill's liability based on a duty owed to the Pyes was never raised to the circuit court and is not preserved for our review. Although the court did not rule on the issue of whether Hill ambulated outside the scope of his professional duties, the argument was raised at the summary judgment hearing and at the Rule 59(e) hearing. Consequently, the issue is adequately preserved. However, because the Pyes failed to offer evidence on all of the elements of civil conspiracy, we affirm summary judgment. Similarly, we affirm the directed verdict in favor of the Foxes for failure to submit any evidence establishing a necessary element of civil conspiracy. Accordingly, the order of the circuit court is

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT, and PLEICONES, JJ., concur.