THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 First Bank,
 F/K/A Carolina Community Bank, N.A, Respondent,
 v.
 Luevenia S.
 Wright, Personal Representative for the Estate of Yvonne Chyrelle K. McRae; Carolina Funeral Home; Luevenia S. Right, Personal Representative for the Estate of Roger
 E. McRae; Clarence McRae; Leroy Sheldon Rowell; and County of Dillon, Defendants,
 of whom
 Luevenia S. Wright, Personal Representative for the Estate of Yvonne Chyrelle
 K. McRae, is Appellant.
 
 
 

Appeal From Dillon County
A.C. Michael Stephens, Special Referee
Unpublished Opinion No.  2008-UP-084
Heard January 8, 2008 -  Filed February 8,
 2008
AFFIRMED

 
 
 
 Glenn B. Manning, of Dillon, for Appellant.
 A. LaFon LeGette, Jr., of Latta, for Respondent.
 
 
 

PER CURIAM:  Luevenia
 S. Wright, as Personal Representative for the Estate of Yvonne Chyrelle K.
 McRae, has appealed in this matter involving foreclosure of a real estate
 mortgage on property formerly owned by Yvonne McRae.  We affirm.  
In his motion to the special referee to set aside the foreclosure
 and sale, Roger McRae, who was then Yvonne McRaes surviving spouse and the
 Personal Representative of her estate, asserted in relevant part as follows:

 3.  That First Bank of Dillon brought the above action against
 Yvonne Chyrelle McRae (only later changed the caption of the case to reflect
 the Personal Representative of her estate as defendant, since she had died in
 May 2004.), which is a foreclosure on her property situated at the corner of
 Calhoun Street and Highway 57 South in Dillon.
 4.  That in August 2003, Yvonne C. McRae, had disputed, in a
 letter to the officials at First Bank, the validity of said mortgage . . . and
 she was in the process of filing suit against the Bank for release of said
 mortgage just before she died.
 5.  That Roger McRae, the Personal Representative for the Estate
 of Yvonne C. McRae, was hospitalized . . . on March 22, 2005, the date of the
 foreclosure hearing . . . and was not able to appear and present his defense
 against the claims of the Plaintiff, which resulted in the issuance of an order
 for sale by default judgment. 
 6. That Roger E. McRae, the Personal Representative for the Estate
 of Yvonne C. McRae, was not served a notice of sale of the property
 ordered foreclosed, as is required by South Carolina law; and no certification of service is filed in the Court of Common Pleas.  
 

The special referee denied the motion to set aside the foreclosure
 and sale on the basis it was untimely made.    
In the Statement of Issues on Appeal, Wright now asserts the
 following four issues:  (1) the appellant [i.e., Roger E. McRae, as the
 Personal Representative for the Estate of Yvonne Chyrelle K. McRae] and heirs
 at law were not enjoined as defendants pursuant to state law for the lower
 court to issue an order of foreclosure on real property under his jurisdiction;
 (2) the Special Referee acted with prejudice in enjoining the appellant as
 defendant at a hearing of default and ordering a foreclosure sale; (3) there
 was no transcript of record for the default hearing made, preserved, or filed
 in the office of the clerk of court; and (4) there was no certificate of
 service of the Order or Judgment from the default hearing and no notice
 of judgment from the lower court, and thus [this] prejudiced the subsequent
 rights of the appellant in the foreclosure proceedings.  
The only issues that were arguably raised below relate to the
 amendment of the pleadings and the service of the foreclosure order.  However,
 we find no error in the special referees determination that the motion to set
 aside was untimely made.  Moreover, as to the amendment of the pleadings to add
 the Personal Representative for the Estate of Yvonne Chyrelle K. McRae as a
 party, we note it is not necessary to make the personal representative of a
 deceased mortgagor a party to an action of foreclosure.  See S.C. Code
 Ann. § 29-3-610 (2007) (It shall not be necessary to make the personal
 representative of a deceased mortgagor a party to any foreclosure proceeding
 and no sale heretofore made under foreclosure proceedings to which the personal
 representative of a deceased mortgagor was not a party shall be invalid by
 reason of the absence of such personal representative.).  
As to the lack of a transcript, this was never raised to and ruled
 upon by the special referee.  Accordingly, it is not preserved for our
 consideration.  See Pye v.
 Estate of Fox, 369 S.C. 555, 564, 633
 S.E.2d 505, 510 (2006) (It is well settled that an issue
 cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon
 by the trial court to be preserved.); Wilder Corp. v.
 Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is
 axiomatic that an issue cannot be raised
 for the first time on appeal, but must have been raised
 to and ruled upon by the trial judge to be preserved for appellate review.); Gurganious v. City of Beaufort, 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct. App. 1995) (stating a
 contemporaneous objection to a disputed ruling is required to preserve an issue
 for appellate review).  Accordingly,
 the decision of the special referee is 
AFFIRMED.
HEARN, C.J., and
 KITTREDGE and THOMAS, JJ., concur.