THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 Adams Outdoor Advertising, Limited Partnership, Respondent,
 
 
 

v.

 
 
 
 John C. Dangerfield, Appellant.
 
 
 

Appeal
 From Berkeley County
 Roger
 M. Young, Circuit Court Judge 

Unpublished
 Opinion No. 2012-UP-023
 Heard
 December 8, 2011  Filed January 25, 2012

AFFIRMED

 
 
 
 Justin O'Toole Lucey and Stephanie
 Dennette Drawdy, both of Mount Pleasant, for Appellant.
 Donald Bruce Clark, of
 Charleston, for Respondent.
 
 
 

PER
 CURIAM:  John
 C. Dangerfield appeals the circuit court's finding that he is liable for a debt
 owed to Adams Outdoor Advertising, LP (Adams) under a contract between the
 parties.  We
 affirm. 
FACTS
Dangerfield
 opened Johnny's Suzuki in Moncks Corner, South Carolina in 2005.  According to Dangerfield,
 Johnny's Suzuki is operated by Johnny's Enterprises, Inc., a South Carolina
 corporation, of which Dangerfield is the registered agent.  Johnny's Suzuki is
 not one of the forty-four South Carolina corporations owned by Dangerfield.  Adams,
 a Minnesota limited partnership authorized to do business in South Carolina,
 provides outdoor advertising to its customers.  On November 21, 2006, Adams
 entered into a written media display contract with Johnny's Suzuki to provide
 outdoor advertising for 52 weeks for $780,000.  The contract listed Johnny's
 Suzuki as the client and was signed by Dangerfield. In August and September
 2007, the parties modified the contract by written agreement, reducing the
 remaining monthly payments from $60,000 to $52,750 and giving Johnny's Suzuki a
 $1,125 credit on the contract amount due. The parties also entered into seven
 purchase agreements.  The purchase agreements listed Johnny's Suzuki as the
 client and were signed by either Dangerfield or Karen Dial.[1]  According to Adams, it received fourteen checks from Johnny's Enterprises, one
 check from Johnny's Subaru & Isuzu, LLC, and two checks from Johnny's
 Subaru Isuzu, totaling $631,207.83.  
On
 October 21, 2008, Adams filed a complaint alleging Dangerfield breached the
 parties' contract and purchase agreements by failing to make all payments when
 due.  Adams alleged Dangerfield owed $100,317.17 on the contract and $5,600 on
 the purchase agreements.  Dangerfield denied he was a party to the
 contract and purchase agreements (hereinafter referred to as "the
 contracts") and asserted that Johnny's Enterprises, d/b/a Johnny's Suzuki,
 was the contracting party.  
On January 21, 2010, a trial was held
 before the circuit court.  In a January 24, 2010 order, the circuit
 court found the contracts were between Dangerfield, d/b/a Johnny's Suzuki, and
 Adams.  The circuit court further determined Dangerfield failed to meet his
 burden of proving his affirmative defense that the contracts were between Adams
 and Johnny's Enterprises.   The court ordered Dangerfield to pay Adams
 $136,637.57, which included the debt owed under the contracts, pre-judgment
 interest, attorney's fees, and costs.  On February 3, 2010, Dangerfield filed a
 motion for reconsideration asserting Adams had the burden of proving the
 contracts were not between Adams and Johnny's Enterprises.  The circuit court denied
 Dangerfield's motion.  
STANDARD OF
 REVIEW
"An action for breach of contract
 is an action at law."  Electro Lab of Aiken, Inc. v. Sharp Constr. Co.
 of Sumter, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004). 
 "In an action at law, on appeal of a case tried without a jury, the
 appellate court's standard of review extends only to the correction of errors
 of law."  Id.  "The trial judge's findings of fact will not be
 disturbed upon appeal unless found to be without evidence which reasonably
 supports the judge's findings."  Id.
LAW/ANALYSIS
I.  Debt
 Liability
Dangerfield argues the circuit court
 erred in finding he was personally liable for the debts incurred under the
 contracts.  We disagree.
A.  Ambiguity
Dangerfield argues "Johnny's Suzuki"
 was an ambiguous term in the contracts, and the circuit court should have
 construed this ambiguity against Adams. At trial, Dangerfield never argued any
 terms of the contracts were ambiguous. Furthermore, the circuit court did not
 make any findings regarding ambiguity in its final order, and Dangerfield
 failed to raise any ambiguity claims in his Rule 59(e), SCRCP motion. 
 Accordingly, this issue is not preserved for our review.  See Pye v.
 Estate of Fox, 369 S.C. 555, 564-65, 633 S.E.2d 505, 510 (2006)
 (holding an issue cannot be raised for the first time on appeal, but must have
 been raised to and ruled upon by the circuit court to be preserved for
 appellate review). 
B.   Trade Name
Dangerfield argues the circuit court
 erred in finding he was personally liable for the debt owed on the contracts because
 Johnny's Suzuki is a trade name of Johnny's Enterprises. Dangerfield contends
 he entered into the contracts as an agent of Johnny's Enterprises, and Adams
 knew Johnny's Suzuki operated under Johnny's Enterprises.  We find Dangerfield
 failed to meet his burden of proving the contracts were between Adams and
 Johnny's Enterprises.  See Cole v. S.C. Elec. & Gas, Inc.,
 362 S.C. 445, 452, 608 S.E.2d 859, 863 (2005) (holding a defendant has the
 burden of proving affirmative defenses listed in Rule 8(c), SCRCP).  The name "Johnny's
 Enterprises" does not appear anywhere on the contracts, and Dangerfield
 signed the contracts without any indication he was signing on behalf of
 Johnny's Enterprises.  Furthermore, there is no evidence in the record Adams
 knew Dangerfield was acting on behalf of Johnny's Enterprises.  Although James Cusaac,
 a controller at Adams, testified Adams had done business with Dangerfield in
 the past, he did not testify that those business dealings were with Johnny's
 Enterprises.  There is no evidence Adams previously entered into any contracts
 with Johnny's Enterprises.  Accordingly, we find the circuit court did not err
 in finding Dangerfield personally liable for the debt owed on the contracts.  
II.  Novation
Dangerfield argues a novation occurred
 when Adams accepted payment from Johnny's Enterprises, thus relieving
 Dangerfield of any personal liability.  Citing Jay Cee Fish Co. v. Cannarella,
 279 F. Supp. 67 (D.S.C. 1968), Dangerfield contends he was relieved of any
 liability for the debt owed on the contracts after Adams accepted checks from
 Johnny's Enterprises, Johnny's Subaru & Isuzu, and Johnny's Subaru Isuzu.  At
 trial, Dangerfield never argued there was a substitution whereby Johnny's Enterprises
 became the new debtor in place of Dangerfield, d/b/a Johnny's Suzuki.  Dangerfield
 maintained the contracts were always between Adams and Johnny's Enterprises,
 d/b/a Johnny's Suzuki.  We also note Dangerfield failed to cite any of the
 novation cases he relies on in his brief to the circuit court.  Because Dangerfield's
 novation argument was never raised to and ruled upon by the circuit court, it
 is not preserved for our review.  See Pye, 369 S.C. at 564-65,
 633 S.E.2d at 510 (holding an issue cannot be raised for the first time on
 appeal, but must have been raised to and ruled upon by the circuit court to be
 preserved for appellate review).  Accordingly, the decision of the circuit
 court is 
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.  

[1] Although it was
 indicated at oral argument that Dial was an employee of Dangerfield, it is
 unclear from the record what her relationship is to Dangerfield, Johnny's Suzuki,
 or Johnny's Enterprises.