**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Green Tree Servicing, LLC, f/k/a Green Tree Financial Servicing Corporation, a Limited Liability Company under the laws of the State of Delaware, Respondent,

v.

Corrie Ann Martin, the South Carolina Department of Revenue, the United States of America by and through its agency the Internal Revenue Service, and Anderson Area Medical Center, Inc., n/k/a Anmed Health, Plaintiffs,

Of whom Corrie Ann Martin is the Appellant.

Appellate Case No. 2012-210846

Appeal From Anderson County
Ellis B. Drew, Jr., Master-In-Equity

Unpublished Opinion No. 2013-UP-425
Submitted October 1, 2013 – Filed November 20, 2013

**AFFIRMED**

Clifford F. Gaddy, Jr., of Cliff Gaddy Law, of Greenville, for Appellant.

Theodore von Keller, B. Lindsay Crawford, III, and Sara Christine Hutchins, all of Crawford & von Keller, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Corrie Ann Martin appeals the master-in-equity's denial of her Rule 60(b), SCRCP, motion, arguing the master erred in (1) relying upon an order that was later vacated, and (2) finding her motion was not filed within a reasonable time.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the master erred in relying upon an order that was later vacated: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved.").

2.  As to whether the master erred in finding Martin's Rule 60(b) motion was not filed within a reasonable time:  Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."); Rule 60(b), SCRCP ("[A Rule 60(b)(1)] motion shall be made within a *reasonable time* . . . not more than one year after the judgment, order or proceeding was entered or taken." (emphasis added)); *Se. Hous. Found. v. Smith*, 380 S.C. 621, 639, 670 S.E.2d 680, 690 (Ct. App. 2008) ("[T]he reasonable time limit is discretionary and should be determined under the facts and circumstance of each case." (internal quotation marks omitted)); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 46, 590 S.E.2d 502, 504 (Ct. App. 2003) ("A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.