**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ebony Bethea, Appellant,

v.

Derrick Jones, John Doe, Individually and as
employee/agent of Citi Trends, Inc., Citi Trends, Inc.,
and Palmetto Properties, Inc., Defendants,

Of whom Citi Trends, Inc., and Palmetto Properties, Inc.
are the Respondents.

Appellate Case No. 2014-000332

--------------

Appeal From Dillon County
Paul M. Burch, Circuit Court Judge

--------------

Unpublished Opinion No. 2015-UP-350
Heard May 12, 2015 – Filed July 15, 2015

--------------

**AFFIRMED**

--------------

Akim Angelo Anastopoulo, Eric Marc Poulin, and Roy
T. Willey, IV, all of Anastapoulo Law Firm, of North
Charleston, for Appellant.

Robert Walton Buffington and Sarah Patrick Spruill, both
of Haynsworth Sinkler Boyd, PA, of Charleston, for
Respondent Palmetto Properties, Inc.; Catharine H.

Garbee Griffin and Alina Dudau, both of Baker Ravenel & Bender, LLP, of Columbia, for Respondent Citi Trends, Inc.

---

**PER CURIAM:** In this negligence action, Ebony Bethea argues the circuit court erred in granting summary judgment to Citi Trends, Inc. and Palmetto Properties, Inc. (collectively, the Respondents). Bethea contends (1) the Respondents had a duty to protect her, as an invitee, from foreseeable violent crime; (2) the Respondents proximately caused her injuries; and (3) she was not comparatively negligent. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 290, 688 S.E.2d 125, 128 (2010) (holding an appellate court reviews a grant of summary judgment under the same standard required of the circuit court under Rule 56(c), SCRCP); Rule 56(c), SCRCP (providing the trial court shall grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Pye v. Estate of Fox*, 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006) ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding in a negligence case, where the burden of proof is a preponderance of the evidence standard, the non-moving party must only submit a mere scintilla of evidence to withstand a motion for summary judgment); *Singleton v. Sherer*, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008) ("To establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."); *Bass v. Gopal, Inc.*, 395 S.C. 129, 135, 716 S.E.2d 910, 913 (2011) ("[A] business owner has a duty to take reasonable action to protect its invitees against the *foreseeable* risk of physical harm."); *Jackson v. Swordfish Invs., L.L.C.*, 365 S.C. 608, 613-14, 620 S.E.2d 54, 56-57 (2005) (upholding a grant of summary judgment in a negligence action against a commercial landlord arising out of a shooting which occurred inside a leased premise, and stating, absent an exception, a landlord owes no duty to protect a tenant's customers from the criminal acts of third parties); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when disposition of prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and LOCKEMY and McDONALD, JJ., concur.**