**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Duke Energy Carolinas, LLC, Respondent,

v.

Randall S. Hiller and Janet C. Hiller, Appellants.

Appellate Case No. 2015-001672

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-204
Submitted April 1, 2017 – Filed May 17, 2017

———————

**AFFIRMED**

———————

Randall Scott Hiller, of Greenville, for Appellants.

James W. Logan, Jr., of Logan, Jolly & Smith, LLP, of Anderson, for Respondent.

———————

**PER CURIAM:** Randall S. Hiller and Janet C. Hiller (collectively, the Hillers) appeal the circuit court's order granting Duke Energy Carolinas LLC's (Duke Energy's) motion to enforce the settlement agreement, arguing (1) the only evidence properly admitted at the circuit court's hearing showed the Hillers

complied with the settlement agreement, and (2) the circuit court's order was unenforceable because it was vague and overbroad. We affirm.[1]

1. We find the Hillers' argument the circuit court erred in granting Duke Energy's motion to enforce the settlement agreement because the only evidence properly admitted at the hearing was Mr. Hiller's testimony is not preserved for appellate review. At the circuit court's hearing, Duke Energy described twelve exhibits attached to its motion and memorandum. However, the Hillers did not object to the discussion of the exhibits or object on the grounds that Duke Energy had failed to properly admit them into evidence. Further, the Hillers did not argue below that the only evidence properly admitted was Mr. Hiller's testimony. Therefore, this issue is not preserved. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) (providing an issue must be raised to and ruled upon by the circuit court to be preserved for appellate review).

2. We find the Hillers' argument that the order was unenforceable because it was vague and overbroad is not preserved for appellate review. "[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e) . . . motion, is the issue not preserved for appellate review." *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006). Here, the Hillers had the burden of presenting a sufficient record to this court. *See Park Regency, LLC v. R & D Dev. of the Carolinas, LLC*, 402 S.C. 401, 419, 741 S.E.2d 528, 537 (Ct. App. 2012) (providing the appellant has the burden to present a "record sufficient to allow appellate review"). However, the Hillers failed to include their Rule 59(e), SCRCP, motion in the record; therefore, the record lacks sufficient evidence to indicate to this court what the Hillers argued in their Rule 59(e), SCRCP, motion. *See* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact [that] does not appear in the Record on Appeal."). Accordingly, the Hillers' argument the circuit court's order was vague and overbroad is not preserved for appellate review because there is insufficient evidence to determine if it was raised to the circuit court. *See Park Regency*, 402 S.C. at 419, 741 S.E.2d at 537 (holding an appellant's arguments were unpreserved because the record was insufficient to allow the court to determine whether the arguments were raised in their Rule 59(e), SCRCP, motion); *Hatfield v. Hatfield*, 327 S.C. 360, 369, 489 S.E.2d 212, 217 (Ct. App. 1997) (holding an issue was unpreserved because the appellant did not raise the issue in her Rule 59(e) motion).

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**