**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Evelyn Lowery, Respondent,

v.

Eula M. Daniels, Darrell Waiters, Monique Thompson, Phinessa R. Waiters, Pearl Mahjoub, Tommie Lee James, John William James, William C. Waiters, Mary L. Bailey, James C. Bell, William Bailey, Harold Bascomb, Romona Bascomb, Nakia Williams, Nerisse Williams, Carlton McPhaul, Donnell McPhaul, Idell R. Waiters, Ella R. Waiters, Eddie Waiters, Elizabeth Ann Moore, Donald Waiters, Brenda Wade, Glenda Waiters, Wilric Waiters, Dorothy Johnson, Ruth Jordan, Ronald Sweet, Donald Johnson, David Lee Richardson, Raymond Richardson, Lafayette Richardson, Jr., Robert C. Richardson, Bill Moses, Margaret Jones, Herman Sweet, Jr., Reginal Coleman, Ronald Coleman, Michael Coleman, Sharon Coleman, Tammy Coleman, Bridgette Coleman, Delfreda Coleman, Phillip Hatchet, Iceola Weeks, Charles Burt, Theodore R. Brewer, Leola Waiters, Betty J. Catoe, Carrie Waiters, Ernest L. Waiters, Irene Carr, Janice Dixon, Donald F. Waiters, Rayford J. Waiters, Carolyn McKenny, Larry Waiters, Denise Allen, Kevin Waiters, Ginger Ann Waiters, Harry Waiters, Linda D. Addison, Angelet Hardin, Irene Sanders, Joseph Coleman, Jr., Wylie Mingo, Joyce Ann Benjamin, Gary W. Coleman, Jr., Lilyan A. Coleman, John C. Waiters, Estate of Anna B. Waiters, Anna E. Perkins, Willie James Hall, Lena Tibbs, Janese R. Allen, Leonard Hall, Jr., Clinton James Hall, Leotis Hall, Christine C. Hall, Alma R. Grant, Pearl Hall, Mary Hall, Mark Hall, Kevin Hall, Doris Hall, Iris Hall, Clifton Hall,

Dywayne Hall, Novella Hall, Lenonne Addison, Brendetta Hall, NaSheqeca Bekia Hall, Marquavious Tramle Hall, Sabrina McWaters, Renonia Church, Gwen McWaters, Jacqueline McWaters, Renee McWaters, Connie C. Parker, Alice C. Truesdale, Eliza C. Truesdale, Roy Caskey, Randy Caskey, Maggie Caskey, Leon Caskey, III, Sharon Harris, Eliza Furgerson, David Hall, Robert Hall, Joseph Hall, Henrietta Hall, Linda Duncon, M. L. Hall, Alvin Hall, Oscar Hall, Jr., Laura Mae Hall, Anna Hall, Patricia H. Bentley, Casey Hall, Janie Douglas, Mary Bradlee, Elizabeth Hall, Teresa Pope, Devron Wright, Dyron J. Hall, Romelle Simpson, Estate of Alma Tilman, Ren Tilman, Chris Waiters, if living and if any of the said Defendants are deceased, then their heirs or devisees at law, and all other persons claiming any right, title, interest in or lien upon the real estate described herein, and any unknown infants or persons under disability or persons in the military service hereby designated as a class John Doe and Jane Roe, Defendants,

Of whom Kevin Waiters is the Appellant.

Appellate Case No. 2015-002243

_____

Appeal From Lancaster County
Harry Clayton Walker, Jr., Special Referee

_____

Unpublished Opinion No. 2018-UP-133
Heard February 6, 2018 – Filed March 28, 2018

_____

**AFFIRMED**

_____

M. Rita Metts, of Metts Law Firm, of Columbia, for Appellant.

Marion H. (Mark) Grier, Jr., of Lancaster, for Respondent.

---

**PER CURIAM:**  In this appeal from the special referee's order, Kevin Waiters (Appellant) asserts the court erred by: (1) declaring deeds executed by certain heirs to be void and finding there was no evidence of adverse possession, (2) failing to properly value the property at issue, (3) admitting certain evidence, (4) finding Appellant's family cut trees on the property, (5) failing to allow Appellant the opportunity to purchase the property prior to trial, and (6) proceeding with the partition action once it became aware of missing heirs who were not served.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("When it is asserted by the defendant, adverse possession is an affirmative defense."); *Parrish v. Allison*, 376 S.C. 308, 327, 656 S.E.2d 382, 392 (Ct. App. 2007) ("Generally, affirmative defenses to a cause of action in any pleading must be asserted in a party's responsive pleading."); *id.* ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it." (quoting *Wright v. Craft*, 372 S.C. 1, 21, 640 S.E.2d 486, 497 (Ct. App. 2006))); *Harkins v. Greenville Cty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (noting the appellant has the burden of presenting an adequate record on appeal); Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal.").

As to issue 2: *Jones*, 384 S.C. at 10, 681 S.E.2d at 11 ("Normally, an action to quiet title to property is an action in equity."); *Kiawah Resort Assocs. L.P. v. Kiawah Island Cmty. Ass'n.*, 421 S.C. 538, 544, 808 S.E.2d 521, 524 (Ct. App. 2017) ("In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence." (quoting *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009))); *id.* ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the trial judge is in a better position to assess the credibility of the witnesses." (quoting *Bell*, 385 S.C. at 373, 684 S.E.2d at 204)); *id.* ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the trial judge committed error in his findings." (quoting *Bell*, 385 S.C. at 373, 684 S.E.2d at 204)); *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

As to issue 3: *Pye*, 369 S.C. at 564, 633 S.E.2d at 510 ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

As to issue 4: Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Kiawah Resort Assocs.*, 421 S.C. at 544, 808 S.E.2d at 524 ("In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence." (quoting *Bell*, 385 S.C. at 373, 684 S.E.2d at 204)); *id.* ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the trial judge is in a better position to assess the credibility of the witnesses." (quoting *Bell*, 385 S.C. at 373, 684 S.E.2d at 204)); *id.* ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the trial judge committed error in his findings." (quoting *Bell*, 385 S.C. at 373, 684 S.E.2d at 204));

As to issue 5: S.C. Code Ann. § 15-61-25(A) (Supp. 2017) (stating if a partition action is filed, "the court shall provide for the nonpetitioning joint tenants or tenants in common who are interested in purchasing the property to notify the court of that interest no later than ten days prior to the date set for the trial of the case"); S.C. Code Ann. § 15-61-25(B)-(D) (Supp. 2017) (requiring the court allow the joint tenants or tenants in common to purchase the property according to the terms of the statute after such a request is made); *Pye*, 369 S.C. at 564, 633 S.E.2d at 510 ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

As to issue 6: *Pinckney v. Atkins*, 317 S.C. 340, 344, 454 S.E.2d 339, 342 (Ct. App. 1995) (providing "all heirs at law or devisees of the deceased person *shall* be parties . . ." to a partition action); Rule 17(f), SCRCP ("In all actions for partition all tenants in common shall be parties . . . ."); S.C. Code Ann. § 15-67-40 (2005) (stating an unknown heir may be made a party to a partition action by serving the heir by publication).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**