**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Beverly Ann Gilchrist, Appellant,

v.

Florence Miles, Jimmy Glover, Albert Glover, Tommy Glover, Mary M. Bibbs, Annie Jefferson, Barry Shedrick, Myra S. Padgett, Wade Shedrick, Randy Glover, Genie Miles, Freddie Glover, Jr., Aaron Glover, Steven R. Glover, Terrie G. Frazier and Odell Glover, Doretha Sander, Michael Holmes, Jackie James, Donnell Hampton, Yvonne Forrest, ...Including any children and heirs at law or distributees and devisees and all persons entitled to claim under or through them, and all other persons unknown claiming any right, title or interest in a lien upon the real estate described in the Complaint herein, any unknown adults being a class designated as John Doe; and any unknown infants, minors or persons under a legal disability including those in the military service of the United States of America, being a class designated as Richard Roe, Respondents.

Appellate Case No. 2017-000997

Appeal From Edgefield County
John F. Byrd, Jr., Special Referee

Unpublished Opinion No. 2019-UP-338
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Beverly Ann Gilchrist, of Trenton, pro se.

Jennifer Padgett Sumner, of Sumner Law Firm, LLC, of Edgefield, for Respondents.

**PER CURIAM:** Beverly Ann Gilchrist appeals the special referee's order for the partition by sale of several tracts of real property and a subsequent supplemental order determining the ownership percentages of each interested party to the property. Because all of Gilchrist's asserted issues on appeal were either not raised to the special referee, not argued in the body of her appellate brief, or unsupported by legal authority, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (recognizing an issue is abandoned on appeal when it "is not argued within the body of the brief but is only a short conclusory statement").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ. concur.**

---

[1] We note the final brief Gilchrist filed with this court did not comply with the South Carolina Appellate Court Rules. *See* Rule 211(b), SCACR (stating "[t]he final brief(s) shall be identical to the brief(s) previously served under Rule 208[, SCACR], except for" references to the record and corrections of typographical errors and misspellings). As a result, this court addresses only the issues raised in Gilchrist's amended initial brief, which Respondents addressed in their appellate brief.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.