# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Katie Green Buist, Respondent,

v.

Michael Scott Buist, Petitioner.

Appellate Case No. 2012-213002

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Abbeville County
Billy A. Tunstall, Jr., Family Court Judge

---

Opinion No. 27468
Heard June 12, 2014 – Filed December 3, 2014

---

## AFFIRMED AS MODIFIED

---

Scarlet Bell Moore, of Greenville, for Petitioner.

C. Rauch Wise, of Greenwood, for Respondent.

---

**CHIEF JUSTICE TOAL:**     We granted Scott Buist's (Husband) petition to review the court of appeals' decision affirming the family court's award of $8,000 in attorneys' fees to Katie Buist (Wife). *See Buist v. Buist*, 399 S.C. 110, 124–25, 730 S.E.2d 879, 886 (Ct. App. 2012). While we agree with the court of appeals that Husband failed to preserve his specific objection to the award of attorneys' fees, the court of appeals erred in declaring a bright-line rule that an objection to an

award of attorneys' fees is always untimely when made as part of a motion pursuant to Rule 59(e), SCRCP. Accordingly, we affirm as modified.

### FACTS/PROCEDURAL BACKGROUND

Husband and Wife married in 1999 and had one child. In 2007, Wife filed for divorce, seeking, *inter alia*, attorneys' fees and costs. In 2009, the family court granted the couple a divorce on the grounds that they had lived separate and apart for one year.

On November 5, 2009, the family court conducted a final hearing, receiving testimony from Husband, Wife, their witnesses, and a guardian *ad litem* (GAL) regarding contested issues of division of marital assets, child custody and visitation, and child support.[1] At the hearing, Wife's attorney submitted a fee affidavit requesting approximately $15,000 in attorneys' fees. Husband's attorney did not object to the affidavit, but submitted his own fee affidavit regarding his earlier motion for a rule to show cause.

In the final divorce decree, dated December 16, 2009, the family court ordered Husband to pay $8,000 towards Wife's attorneys' fees and costs within 180 days. The court also ordered Husband and Wife to each pay half of the $2,768.90 owed to the GAL within 180 days. Finally, the family court ordered Wife to pay Husband's attorney $3,050 in regards to Husband's motion for a rule to show cause.

Husband filed a timely motion to reconsider pursuant to Rule 59(e), SCRCP, arguing, *inter alia*:

> The [c]ourt required [Husband] to pay large sums of money to [Wife], her attorney, and the [GAL] within 180 days when the record clearly establishes . . . that [Husband] does not have the ability to borrow any money or to pay those sums within that time frame.

---

[1] Prior to the final hearing, Wife obtained information from her private investigator (PI) that Husband violated a previous order by the family court, and as a result, the family court held Husband in contempt. The family court required Husband to pay $2,537.50 in attorneys' fees to Wife, as well as the Wife's costs in hiring the PI; however, the parties agreed to "deal with [the costs of hiring the PI] in the final hearing." Thus, at the final hearing, Wife's attorney solicited testimony that the PI charged Wife $880 for his services.

The family court denied Husband's motion.

Husband appealed, arguing, *inter alia*, that the family court erred in failing to apply the factors set forth in *Glasscock v. Glasscock*[2] or *E.D.M. v. T.A.M.*[3] prior to awarding attorneys' fees to Wife. However, the court of appeals found Husband's argument unpreserved. *Buist*, 399 S.C. at 124, 730 S.E.2d at 886. The court of appeals explained that "Husband did not challenge Wife's fee affidavit at the hearing and, therefore, failed to procure a ruling from the family court on this issue." *Id.* As such, the court of appeals viewed the award of attorneys' fees as an unappealed ruling and, thus, the law of the case. *Id.* The court of appeals also found that Husband's motion to reconsider did not aid him in preserving the attorneys' fees issue for review, stating that "any request at the 59(e) stage of the proceedings was untimely because Husband could have raised this issue at trial." *Id.* at 125, 730 S.E.2d at 886.

We granted Husband's petition for a writ of certiorari to review the decision of the court of appeals.

## ISSUE

Whether the court of appeals erred in determining that the attorneys' fees issue was not preserved for appellate review?

## STANDARD OF REVIEW

Appellate courts review appeals from the family court de novo. *Simmons v. Simmons*, 392 S.C. 412, 414–15, 709 S.E.2d 666, 667 (2011). Thus, an appellate court may find facts in accordance with its own view of the preponderance of the

_____

[2] 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (outlining factors to consider in awarding reasonable attorneys' fees, including: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

[3] 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (outlining factors to consider in awarding reasonable attorneys' fees, including: "(1) the party's ability to pay his/her own attorneys' fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living").

evidence. *Dickert v. Dickert*, 387 S.C. 1, 5–6, 691 S.E.2d 448, 450 (2010). The appellant retains the burden to demonstrate the error in the family court's findings of fact. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

## ANALYSIS

"It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved." *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006). While "a party is not required to use the exact name of a legal doctrine in order to preserve the issue," *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2012), the party nonetheless must be sufficiently clear in framing his objection so as to draw the court's attention to the precise nature of the alleged error, *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). If the party is not reasonably clear in his objection to the perceived error, he waives his right to challenge the erroneous ruling on appeal. *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007).

While Husband did not object to Wife's fee affidavit during the final hearing, his failure to object during the hearing was not fatal to his efforts to preserve the attorneys' fees issue for appeal. For the benefit of the Bench and the Bar, we briefly address the appropriate procedure to object to an award of attorneys' fees in family court:

(1) During the trial, a party may introduce an attorneys' fee affidavit in support of the party's request for an award of attorneys' fees. To object to the propriety of a fee award, the opposing party may either contemporaneously object to the affidavit or, at some point prior to the close of the final hearing, request a hearing—then or later—on the sole issue of attorneys' fees.[4]

(2) If the opposing party either objects or is granted a later hearing, the family court may receive additional testimony and evidence or evaluate the record as it then exists, applying the *Glasscock* or *E.D.M.* factors, to decide the propriety of awarding attorneys' fees.

(3) If the opposing party fails to object or request a later hearing, the family

---

[4] The family court may exercise its discretion to grant a fees-only hearing, and is not required to grant such a request.

court may exercise its discretion to determine whether the amount of the award stated in the fee affidavit (*i.e.*, the hourly rate and number of hours billed) is reasonable absent additional testimony. However, even if the family court finds the affidavit reasonable, it must still consider whether the proponent of the affidavit is entitled to attorneys' fees pursuant to the *Glasscock* or *E.D.M.* factors.

(4) If the party against whom fees are awarded objects to the family court's application of the *Glasscock* or *E.D.M.* factors in the final order, the party may raise the issue in a motion to reconsider pursuant to Rule 59(e), SCRCP; however, if that party chose not to object to the fee affidavit or request a later hearing, the party's objection to the award must only be supported by information contained in the record. In other words, the party may not introduce additional testimony regarding any of the factors after the family court issues its final order.[5]

Therefore, we find that Husband's motion to reconsider constituted a timely challenge to the family court's award of attorneys' fees. The court of appeals' conclusion that "*any* request [to reconsider an award of attorneys' fees] at the 59(e) stage of the proceedings was untimely because Husband could have raised this issue at trial" is clearly erroneous. *See Buist*, 399 S.C. at 125, 730 S.E.2d at 886 (emphasis added). This statement wrongly conflates the timing of Husband's objection with his failure to object with specificity, prior to his appeal to the court of appeals, to the propriety of awarding attorneys' fees.

We likewise reject the court of appeals' finding that the parties must contemporaneously object to fee affidavits to preserve objections to an award of attorneys' fees for appellate review. A failure to object to the affidavit only indicates the party's acceptance of the affidavit as a reasonable representation of the amount of fees the opposing party owes his or her attorney, thus obviating any need for the opposing party to produce additional evidence or testimony on the matter. The family court must still apply the *Glasscock* or *E.D.M.* factors to determine whether to award a fee, as well as the amount of the fee to award. *Cf. Glasscock*, 304 S.C. at 161 & n.1, 403 S.E.2d at 315 & n.1 (classifying the six factors into those relevant to determining a reasonable hourly rate, those relevant to

---

[5] We note that the above procedural analysis is not intended to confuse practitioners or unduly burden the family court, but is simply intended to validate the propriety of a Rule 59(e) motion for objections to fee awards.

determining a reasonable number of hours, and those relevant to determining whether an award should be made at all).

However, despite the timeliness of Husband's objection to the family court's award of attorneys' fees to Wife, Husband's sole assignment of error in his motion to reconsider was that the family court "required [Husband] to pay large sums of money to [Wife], her attorney, and the [GAL] *within 180 days* when . . . [Husband] does not have the ability *to borrow any money or to pay those sums **within that time frame**.*"  (Emphasis added).  Thus, Husband objected only to the amount of time that the family court gave him to pay both the attorneys' fees and his portion of the GAL fees, not to the imposition of the fees themselves.  The family court surely needed to "grope in the dark" to ascertain that Husband took issue with the court's alleged misapplication of the *Glasscock* and *E.D.M.* factors.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010).

Accordingly, as Husband was not sufficiently specific in his objection to the family court's final divorce decree, Husband waived any objection that the family court did not adequately apply the *Glasscock* or *E.D.M.* factors.  We therefore affirm the court of appeals' decision to the extent it affirmed the family court's award of attorneys' fees to Wife on issue preservation grounds.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the court of appeals as modified.  As set forth in the family court's final divorce decree, (1) Husband shall pay Wife $8,000 in attorneys' fees and costs, in addition to the $2,537.50 he owed her for his contempt of a previous family court order, *see supra* note 1; (2) Wife is ordered to pay Husband $3,050 in attorneys' fees, awarded by the family court in the final divorce decree regarding Husband's motion for a rule to show cause; and (3) Husband shall pay his portion of the GAL fees.

**AFFIRMED AS MODIFIED**.

**BEATTY, KITTREDGE, JJ.,  and Acting Justice Dorothy M. Jones concur. PLEICONES, J., concurring in result in a separate opinion.**

**JUSTICE PLEICONES:** I agree that the Court of Appeals erred in finding Husband's objection to the attorney's fees award was untimely and that we should affirm in result since the only issue raised by his Rule 59, SCRCP, motion was his ability to pay that award. I write separately because while I appreciate the majority's effort to establish a uniform procedure to deal with attorneys' fee requests in family court, I believe the suggested procedure may cause unnecessary confusion for practitioners and additional work for family court judges.

As I understand domestic litigation, in almost every case both parties request attorneys' fees, and, ordinarily, the attorneys' affidavits are given to the court at the final merits hearing.[6] As a matter of courtesy and practicality, there is ordinarily no objection to the court's acceptance of these affidavits at this hearing.[7]

When attorneys' fees are requested, the family court engages in a two-part analysis. It must first determine whether a party is entitled to an attorney's fee award, using the factors in *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E.2d 812 (1992), factors which are derived from footnote 1 in *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991). These factors are: (a) the ability of the parties to pay; (b) their respective financial conditions; (c) the contingency of the attorney's compensation; (d) the effect of an attorney's fee award on each party's standard of living; and (e) the beneficial results obtained in the litigation. While a hearing before issuance of a final order could be held on some of these issues, at the very least the "beneficial results" factor cannot be determined until the terms of the final order are decided. In addition, other factors may also be subject to change depending on the terms of the final order since, for example, the division of property or a child support award may affect a party's ability to pay. By requiring a family court litigant to request an evidentiary hearing at the trial in order to preserve an objection to any future award, we are effectively requiring every party who either seeks an award or against whom an award may be made to request such a hearing. Further, at that fee hearing, the party must present evidence

---

[6] I understand a different procedure may be used at temporary hearings.

[7] It is unclear to me the basis upon which the majority suggests a party may object to the court's reception of the opposing counsel's fee affidavit.

addressing any possible *E.D.M.* finding the family court may make, as the majority holds she "may not introduce additional testimony regarding any of the factors after the family court issues its final order."

Only if the family court judge decides that a party is entitled to an award under *E.D.M.*, is she then required to determine the appropriate amount of the award under *Glasscock*. The factors to be considered in determining the award are: 1) the nature, extent, and difficulty of the case, 2) the time necessarily devoted to it, 3) the professional standing of counsel, and 4) the customary fees for similar services. The reasonableness of the attorney's hourly fee is determined by consideration of factors 3 and 4, while the reasonableness of the number of hours she billed is through the application of factors 1 and 2. *Id.* At the evidentiary hearing mandated by the majority every party will be required to present all evidence that may prove relevant to the family court's ultimate *Glasscock* ruling.

Since the award of an attorneys' fee is a two part process, since the threshold question of entitlement always turns, at least in part, on the beneficial results obtained, and since in many cases that question cannot be answered until the family court judge files her final merits order, I believe the better practice is to grant family court judges the discretion to deal with requests for attorney's fees on an ad hoc basis. I fear if we adopt the proposed procedure, we will in effect be requiring at least one additional evidentiary hearing on fees in most domestic litigation. In my opinion, it is preferable to allow family courts to deal with attorney fee requests on an individualized basis, allowing for a full hearing where necessary and entertaining Rule 59 motions where appropriate.

For the reasons given above, I concur only in the result reached by the majority.