**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Melanie Sosebee, Respondent,

v.

Ernest Jeffrey Sosebee, Appellant.

Appellate Case No. 2014-001559

———————

Appeal From Charleston County
Edgar H. Long, Jr., Family Court Judge

———————

Unpublished Opinion No. 2015-UP-481
Submitted August 1, 2015 – Filed October 14, 2015

———————

**AFFIRMED**

———————

Paul E. Tinkler, of Law Office of Paul E. Tinkler, of
Charleston, for Appellant.

Alan David Toporek, of Uricchio Howe Krell Jacobson
Toporek Theos & Keith, PA, of Charleston, for
Respondent.

———————

**PER CURIAM:** Ernest Jeffrey Sosebee (Appellant) appeals the family court's
orders denying his motion to terminate the authority of the arbitrator or stay
arbitration and his motion to amend the arbitration award. On appeal, Appellant

argues the family court erred in (1) not terminating the authority of the arbitrator when the arbitrator did not enter his order within the timeframe set forth in the arbitration agreement, (2) requiring Appellant to pay attorney's fees, and (3) not finding an evident miscalculation of figures in the alimony award. We affirm.

1. The family court did not err in denying Appellant's motion to terminate the arbitrator's authority or stay arbitration. "Arbitration is a favored method of settling disputes in South Carolina. When a dispute is submitted to arbitration, the arbitrators determine questions of both law and fact. Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. An award will only be vacated under narrow, limited circumstances." *Pittman Mortg. Co. v. Edwards*, 327 S.C. 72, 75-76, 488 S.E.2d 335, 337 (1997) (citations omitted). "[F]amily courts presented with arbitration agreements and awards must proceed, as any other court, in accordance with the terms of the Arbitration Act. Thus, an agreement to arbitrate may be set aside by the family court only upon proof of grounds as exist at law or in equity for the revocation of any contract. The court may correct or modify an arbitration award only in accordance with the provisions [of] section 15-48-140 [of the South Carolina Code (2005)], and the court may vacate the award only upon the establishment of one of the grounds set forth in section 15-48-130 [of the South Carolina Code (2005)], or the rarely applied non-statutory ground of manifest disregard or perverse misconstruction of the law. Otherwise, the family court must confirm the arbitration award." *Swentor v. Swentor*, 336 S.C. 472, 485-86, 520 S.E.2d 330, 337-38 (Ct. App. 1999) (citations and internal quotation marks omitted). Appellant has not established any of the grounds for vacating an arbitration award under section 15-48-130. Further, Appellant has not set forth a legal basis for terminating the arbitration agreement. *See Jackson Mills, Inc. v. BT Capital Corp.*, 312 S.C. 400, 403-04, 440 S.E.2d 877, 879 (1994) ("[A]n arbitration agreement itself is subject to termination . . . . [I]t is only when a party has valid grounds upon which to challenge the arbitration clause itself that arbitration may be avoided. For example, a party may claim the controversy arose out of events occurring subsequent to expiration of the arbitration agreement itself, or a party may allege that the arbitration agreement was never entered into." (citation omitted)). Finally, Appellant has not cited any South Carolina law to support his contention that the arbitrator lost his authority or jurisdiction when he did not timely deliver his award. Although section 15-48-90(b) of the South Carolina Code (2005) requires the arbitrator to file the agreement within the timeframe set forth in the arbitration agreement, it does not provide a remedy for the arbitrator's failure to do so or state the arbitrator loses authority or jurisdiction if the award is not timely filed. Likewise, the arbitration

agreement here did not condition the arbitrator's authority or jurisdiction upon timely filing an award. Under the facts of this case—where Appellant did not file his motion to terminate the arbitrator's authority or otherwise object to the arbitrator's delay until *after* he had an opportunity to review a draft of the award— we decline to create a legal remedy under section 15-48-90 or determine, as a matter of law, the arbitrator lost his authority or jurisdiction.

2. Because Appellant is not the prevailing party on appeal, we need not consider his argument that Respondent is not entitled to attorney's fees on the basis that she was not the prevailing party. Appellant's argument that the attorney's fees award was not supported by factual evidence was never raised to the family court; thus, it is not preserved. *See Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court to be preserved."); *id.* at 576-77, 766 S.E.2d at 384-85 (holding a motion to reconsider constitutes a timely challenge to a fee award but finding the husband failed to preserve his argument when his motion to reconsider was not sufficiently specific).

3. The family court did not err in denying Appellant's motion to modify or correct the arbitration award. *See* S.C. Code Ann. § 15-48-140(a) ("Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where: (1) [t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing[,] or property referred to in the award . . . ."); *Lauro v. Visnapuu*, 351 S.C. 507, 517, 570 S.E.2d 551, 556 (Ct. App. 2002) (reversing the circuit court's modification of an arbitration award when "the arbitrator did not commit a mathematical error in computing the total amount of the award" but rather "consciously declined to award [one of the parties] the full amount of the contract").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.