**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Atkins, Appellant,

v.

Shantan George, Respondent.

Appellate Case No. 2015-000161

---

Appeal From Dorchester County
Anne Gue Jones, Family Court Judge

---

Unpublished Opinion No. 2016-UP-207
Submitted February 1, 2016 – Filed May 11, 2016

---

**AFFIRMED**

---

Charles Atkins, of Summerville, pro se.

Thomas Ryan Phillips, of Law Office of T. Ryan
Phillips, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** Charles Atkins appeals the family court's dismissal of his petition to enforce a permanent child custody and visitation order issued in North Carolina (the North Carolina Order). He argues (1) the res judicata doctrine bars the family court from dismissing his petition because the family court had already registered and confirmed the North Carolina Order in South Carolina, (2) the family court ignored statutory requirements for contesting the registration of an

out-of-state order, (3) his ex-wife, Shantan George, was properly notified of Atkins's registration of the North Carolina Order, and (4) this court should reverse the award of attorney's fees. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the first three issues: *Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (stating when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review).

2. As to whether the award of attorney's fees should be reversed: *Buist v. Buist*, 410 S.C. 569, 576, 766 S.E.2d 381, 384 (2014) ("If the party against whom fees are awarded objects to the family court's application of the *Glasscock*[2] or *E.D.M.*[3] factors in the final order, the party may raise the issue in a motion to reconsider pursuant to Rule 59(e), SCRCP."); *Washington*, 308 S.C. at 551, 419 S.E.2d at 781 (stating when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review); *Tirado v. Tirado*, 339 S.C. 649, 655, 530 S.E.2d 128, 131 (Ct. App. 2000) (holding the wife's request for attorney's fees and costs was not preserved for review because she made her request in the conclusion to her brief and failed to include it in the statement of issues).

**AFFIRMED.**[4]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

[3] *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).

[4] Atkins raised two additional arguments in the body of his brief. He did not include these arguments in his statement of issues on appeal, and he merely recited language from section 63-15-360(A)-(B) of the South Carolina Code (2010) and section 63-15-364(C) (2010) without supporting argument. We find Atkins has abandoned these arguments. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating issues not argued or supported by authority are deemed abandoned); *Tirado*, 339 S.C. at 655, 530 S.E.2d at 131 (holding the wife's request for attorney's fees and costs was not preserved for review because she made her request in the conclusion to her brief and failed to include it in the statement of issues).