**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donna Myers, Appellant,

v.

Paul Myers, Respondent.

Appellate Case No. 2014-000658

———————

Appeal From Lexington County
Deborah Neese, Family Court Judge

———————

Unpublished Opinion No. 2016-UP-391
Submitted May 1, 2016 – Filed August 3, 2016

———————

**AFFIRMED**

———————

Donna Myers, of Lexington, pro se.

Allison Boyd Bullard, of Harling & West, LLC, of
Lexington, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *Buist v. Buist*, 410 S.C. 569, 574-75, 766 S.E.2d 381, 383-84 (2014) ("While 'a party is not required to use the exact name of a legal doctrine in order to preserve the issue,'

the party nonetheless must be sufficiently clear in framing his objection so as to draw the court's attention to the precise nature of the alleged error." (quoting *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011))); *id.* at 575, 766 S.E.2d at 384 ("If the party is not reasonably clear in his objection to the perceived error, he waives his right to challenge the erroneous ruling on appeal.").

**AFFIRMED.**[1]

**HUFF,  KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.