**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

John Ernest Haire, Respondent,

v.

Tania L. Leon, Appellant.

Appellate Case No. 2015-000347

———————

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-003
Heard November 17, 2016 – Filed January 4, 2017

———————

**AFFIRMED**

———————

Tania L. Leon, pro se.

George Brandt, III, of Henderson Brandt & Vieth, PA, of Spartanburg, for Respondent.

———————

**PER CURIAM:** In this divorce action, Tania L. Leon (Wife) appeals the family court's order, arguing the family court erred in (1) failing to dismiss the case pursuant to our supreme court's 365-day administrative order; (2) denying her request for a continuance; (3) failing to admit certain exhibits; (4) failing to find certain property was nonmarital; (5) failing to award her alimony; (6) failing to

find she had an equitable interest in certain property; (7) awarding John Ernest Haire (Husband) attorney's fees; and (8) denying her post-trial motion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (noting on appeal from the family court, this court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (stating although this court reviews the family court's findings de novo, this court is not required to "ignore the fact that the [family court], who saw and heard the witnesses, was in [a] better position . . . to evaluate their credibility" and assign comparative weight to their testimony); *id.* (noting the burden is upon the appellant to convince this court that the family court erred in its findings).

1. As to Issue 1: *RE: Family Court Benchmark*, S.C. Sup. Ct. Order dated Aug. 27, 2014 (requiring "all domestic relations and juvenile cases in the State of South Carolina, with the exception of [Department of Social Services] Abuse and Neglect cases, shall be disposed of within 365 days of their filing"); *id.* ("In the event no request for a final hearing is received by the Clerk of Court within the time period prescribed and there is no other order by the Chief Administrative Judge extending the case, the Clerk of Court shall prepare an Order of Dismissal without prejudice and provide the order and file for review by the Chief Administrative Judge. *If it is determined that dismissal is appropriate*, then the Chief Administrative Judge shall sign the Order of Dismissal. If a case is continued past 365 days, the Order of Continuance must include a time and date rescheduling the case." (emphasis added)); *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support.").

2. As to Issue 2: Rule 203(a), SCACR ("A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules."); Rule 40(i)(1), SCRCP (the family court may grant a motion to continue a case "[i]f good and sufficient cause for continuance is shown"); *Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) ("The grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion."); *Patel*, 359 S.C. at 529, 599 S.E.2d at 121 ("An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support.").

3.  As to Issue 3: *High v. High*, 389 S.C. 226, 238, 697 S.E.2d 690, 696 (Ct. App. 2010) ("[A] family court's ruling on the admission or exclusion of evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law."); Rule 37(b)(2)(B), SCRCP (noting a court may refuse to allow a disobedient party to introduce the designated matters into evidence as a sanction for failure to comply with discovery orders); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457 (2009) ("In deciding what sanction to impose for failure to disclose evidence during the discovery process under Rule 37, SCRCP, the trial court should weigh the nature of the interrogatories, the discovery posture of the case, willfulness, and the degree of prejudice."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the appellant has the burden of providing a sufficient record); Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal.").

4.  As to Issue 4: S.C. Code Ann. § 63-3-530(A)(2) (2010 & Supp. 2016) ("The family court has exclusive jurisdiction . . . to hear and determine actions for divorce . . . and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage . . . ."); S.C. Code Ann. § 20-3-690 (2014) ("The family courts of this [s]tate have subject matter jurisdiction over all contracts relating to property which is involved in a proceeding under this article and over the construction and enforcement of those contracts."); *Crossland v. Crossland*, 408 S.C. 443, 455, 759 S.E.2d 419, 425 (2014) ("The division of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.").

5.  As to Issue 5: *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423 ("Alimony is a substitute for the support normally incidental to the marital relationship."); S.C. Code Ann. § 20-3-130(C) (2014) (detailing the factors to consider in awarding alimony); *Crossland*, 408 S.C. at 452, 759 S.E.2d at 423 ("An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); *Arnal v. Arnal*, 363 S.C. 268, 299, 609 S.E.2d 821, 837 (Ct. App. 2005) ("This court will affirm the family court judge if it can be determined that the judge addressed the factors under [section 20-3-130(c)] . . . ." (quoting *Jenkins v. Jenkins*, 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001))).

6.  As to Issue 6: *Arnal*, 363 S.C. at 294, 609 S.E.2d at 835 ("[A] non-owner spouse has a special equity interest in any increase in value of non-marital property

resulting from that spouse's material contribution."); S.C. Code Ann. § 20-3-630(A)(5) (2014) (stating "any increase in value in nonmarital property" is considered nonmarital, "except to the extent that the increase resulted directly or indirectly from efforts of the other spouse during marriage"); *Arnal*, 363 S.C. at 294-95, 609 S.E.2d at 835 (finding the husband failed to present any testimony concerning *the appreciation in value* of a nonmarital asset, precluding recovery under a special equity theory).

7.  As to Issue 7: *Farmer v. Farmer*, 388 S.C. 50, 54, 694 S.Ed 47, 49 (Ct. App. 2010) ("The decision to award attorney's fees is also within the family court's discretion and will not be disturbed absent an abuse of discretion."); *id*. at 57, 694 S.E.2d at 51 ("A family court should first consider the following factors . . . in deciding whether to award attorney's fees and costs: (1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living.  After deciding to award attorney's fees, a family court should then consider the following factors . . . in deciding how much to award in attorney's fees and costs: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." (emphasis omitted) (citations omitted)); *Buist v. Buist*, 410 S.C. 569, 575 n.4, 766 S.E.2d 381, 384 n.4 (2014) ("The family court may exercise its discretion to grant a fees-only hearing, and is not required to grant such a request.").

8.  As to Issue 8: Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**