**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Keith Fitzgerald Burris, Appellant.

Appellate Case No. 2015-002122

---

Appeal From York County
J. Mark Hayes, II, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-387
Submitted September 1, 2017 – Filed October 18, 2017

---

**AFFIRMED**

---

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Keith F. Burris appeals his civil commitment under the South Carolina Sexually Violent Predator (SVP) Act, arguing (1) the trial court erred in allowing the State's expert to testify about a 2012 evaluation of Burris in the civil commitment proceeding, (2) trial counsel was ineffective for failing to introduce evidence of treatment, (3) trial counsel was ineffective for moving to exclude evidence of the results of a previous evaluation of Burris in which the expert found

he was not an SVP, and (4) trial counsel was ineffective for failing to challenge the State's exercise of gender-based peremptory strikes in selecting the jury. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); S.C. Code Ann. § 44-48-30(1) (Supp. 2016) (defining an SVP as a person who (1) "has been convicted of a sexually violent offense" and (2) "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); *State v. Gaster*, 349 S.C. 545, 551, 564 S.E.2d 87, 90 (2002) ("[The SVP] Act permits involuntary confinement based upon the determination the person currently suffers from both a mental abnormality or personality disorder and is likely to engage in acts of sexual violence."); *In re Care & Treatment of Taft*, 413 S.C. 16, 23-24, 774 S.E.2d 462, 466 (2015) (holding the State failed to prove Taft was an SVP when the State's expert rendered his decision *solely* on a two-year-old evaluation and *refused to render a current diagnosis*).

As to Issues 2-4: *In re Care & Treatment of Chapman*, 419 S.C. 172, 175, 179, 186, 796 S.E.2d 843, 844, 846, 850 (2017) (holding persons committed as SVPs under the SVP Act have a statutory and constitutional "right to the effective assistance of counsel, and they may effectuate that right by seeking a writ of habeas corpus," but affirming the appellant's commitment on direct appeal because the ineffective assistance claims were unpreserved); *Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved." (quoting *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006))).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.