**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cassandra L. Cole, Respondent,

v.

Daniel David Cole, Sr., Appellant.

Appellate Case No. 2021-001294

———————

Appeal From York County
David G. Guyton, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-116
Submitted March 9, 2023 – Filed March 17, 2023

———————

**AFFIRMED**

———————

Daniel David Cole, of Gastonia, North Carolina, pro se.

Elizabeth Hope Rainey, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Daniel David Cole, Sr. (Father), pro se, appeals a family court divorce decree awarding primary physical custody of his children (Children) to Cassandra Cole (Mother); implementing a paramour clause restricting both parties from having overnight guests when Children are present but excluded Mother's boyfriend—Chris Wooten—from the paramour clause; prohibiting the use of corporal punishment; prohibiting Father from leaving his oldest son, DC, alone with Children; and awarding attorney's fees to Mother. On appeal, Father argues

the family court erred by (1) failing to make the necessary findings of fact under Rule 26 of the South Carolina Family Court Rules, (2) awarding primary physical custody of Children to Mother, (3) including an overly broad paramour clause in the divorce decree, (4) excluding Wooten from the paramour clause, (5) prohibiting the use of corporal punishment to discipline Children, (6) prohibiting Father from leaving his oldest son alone with Children, and (7) awarding attorney's fees to Mother. We affirm.

1. We hold whether the family court erred by failing to make the findings of fact required under Rule 26 is not preserved for appellate review because Father failed to raise this issue to the family court in a post-trial motion to alter or amend the written order under Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (providing an issue not raised to and ruled upon by the family court is not preserved for appellate review).

2. We hold Father failed to satisfy his burden to show "that the preponderance of the evidence is against the finding of the [family] court" that it was in Children's best interest to award primary physical custody of Children to Mother. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (alteration in original) (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))). Specifically, we find evidence in the record that Mother's house was the only home Children had ever known and Father lived in a townhouse with only two bedrooms supports the family court's award of primary physical custody of Children to Mother.

3. We hold whether the paramour clause was overly broad is not preserved for appellate review because Father did not raise this issue to the family court in his answer to Mother's complaint, when the family court ordered the continuation of the paramour clause during its oral ruling from the bench, or in a post-trial motion to alter or amend the decree. *See Jackson*, 368 S.C. at 105, 627 S.E.2d at 775 (providing an issue not raised to and ruled upon by the family court is not preserved for appellate review).

4. Because the evidence in the record supports the family court's findings that Wooten was not a danger to Children and had demonstrated a commitment to Mother and Children by complying with the family court's previous order and maintaining his relationship with Mother, we hold Father failed to satisfy his

burden to show "that the preponderance of the evidence is against the finding of the [family] court" that Wooten should be excluded from the paramour clause. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (alteration in original) (quoting *Finley*, 55 S.C. at 202, 33 S.E. at 360-61)).

5.  We hold whether the family court erred by prohibiting Mother and Father from disciplining Children using corporal punishment is not preserved for review because Father failed to object to the family court's oral ruling on this issue during its oral ruling from the bench and failed to file a post-trial motion to alter or amend the family court's written order. *See id.* (providing an issue not raised to and ruled upon by the family court is not preserved for appellate review).

6.  We hold whether the family court erred by prohibiting Father from leaving DC alone with Children is not preserved for appellate review because Father did not object when the family court issued its oral ruling from the bench and failed to file a post-trial motion to alter or amend the family court's written order. *See id.* (providing an issue not raised to and ruled upon by the family court is not preserved for appellate review).

7.  We hold whether the family court erred by ordering Father to pay Mother's attorney's fees in the amount of $14,700 is not preserved for appellate review because Father failed to object to the family court's oral ruling on the issue and failed to file a post-trial motion to alter or amend the family court's written order. *See Buist v. Buist*, 410 S.C. 569, 576, 766 S.E.2d 381, 384 (2014) (stating an objection to an award of attorney's fees is not preserved unless the objecting party raised the specific objection either at trial or in a motion to alter or amend pursuant to Rule 59(e), SCRCP).

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.