THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amanda Martin Murphy, Appellant,

v.

Monte R. Murphy, Respondent.

Appellate Case No. 2022-000863

———————————

Appeal From York County
Matthew P. Turner, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-167
Submitted April 14, 2023 – Filed April 25, 2023

———————————

**AFFIRMED**

———————————

April Dawn Porter, of Law Office of April D. Porter, P.C., of Chester, for Appellant.

N. Douglas Brannon, of Kennedy & Brannon, P.A., of Spartanburg, for Respondent.

———————————

**PER CURIAM:** Amanda Martin Murphy (Mother) appeals a family court order granting her and Monte Murphy (Father; collectively, Parents) joint custody of their three children (Children); allowing Father visitation every other weekend from Friday afternoon to Monday morning, every Wednesday afternoon to Thursday morning, and on alternating weeks during the summer; ordering Father

to pay child support; and requiring both parties to pay their own attorney's fees. On appeal, Mother argues the family court erred in (1) granting joint custody, (2) calculating Father's child support payments based on his reported income, and (3) denying her request for attorney's fees. We affirm.

On appeal from the family court, appellate courts review factual and legal issues de novo. *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018). Therefore, an appellate court "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011). "However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019). Thus, "the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings." *Id.* at 611-12, 837 S.E.2d at 232.

1. We agree that the family court's custody modification was in Children's best interest, and we affirm. Mother filed this action to modify the divorce decree, in which Parents agreed to joint custody and alternating weekly visitation, based on Father's unwillingness to communicate and cooperate with her. The family court found Mother had the greater ability to meet and recognize Children's needs; however, it also found both Parents had stable homes in which Children were comfortable, both Parents had excellent relationships with Children, and Children were comfortable with both Parents. Although the family court found there had been a substantial change in circumstances such that modifying the divorce decree would be in Children's best interest and granted Parents joint custody, it noted this award did not constitute a "true joint custody arrangement" and designated Mother as the primary custodial parent.

We hold the family court did not err in modifying the custody arrangement because the family court noted its order did not confer "a true joint custody arrangement," and the alternating weekly custody was of a short enough duration to mitigate the disruption to Children's lives. *See* S.C. Code Ann. § 63-3-530(A)(42) (2010) ("The family court has exclusive jurisdiction . . . to order joint or divided custody where the court finds it is in the best interests of the child."); *Scott v. Scott*, 354 S.C. 118, 125, 579 S.E.2d 620, 624, (2003) (explaining South Carolina disfavors joint custody but reiterating that the "focus remains on the best interest of the child"); *Tomlinson*, 428 S.C. 60 at 613, 837 S.E.2d at 233 (noting the disfavor of alternating weekly custody during the school year); *Spreeuw v. Barker*, 385 S.C.

45, 59, 682 S.E.2d 843, 850 (Ct. App. 2009) ("The paramount and controlling consideration in a custody dispute is the best interests of the child.").

2. We hold Mother's argument that the family court erred in calculating Father's income because he admitted he failed to report a portion of his income on two previous financial declarations was not preserved for appellate review. *See Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved." (quoting *Pye v. Estate of Fox,* 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006))). Mother did not raise the issue of imputing income to Father or requesting retroactive child support to the family court, either during the final hearing or in a subsequent Rule 59(e), SCRCP, motion to alter or amend the judgment. Thus, we hold this issue was not preserved.

3. We hold the family court did not err in denying Mother's request for attorney's fees. *See Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) (explaining that on appeal, "[the appellate court] review[s] the family court's grant of attorney's fees de novo"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living.").

Initially, as we addressed above, we hold Mother's arguments regarding Father's underreported income and his purported ability to pay were not preserved for appellate review because she did not raise these arguments to the family court. We hold Mother's argument that Father's actions prolonged litigation was similarly unpreserved; although Mother referenced Father's behavior as the impetus for pursuing the custody modification, she did not explicitly argue Father prolonged the action. *See Buist*, 410 S.C. at 574, 766 S.E.2d at 383 ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *id.* at 576, 766 S.E.2d at 384 (explaining this court will find an objection to an award of attorney's fees is not preserved unless the objecting party raised the specific objection either at trial or in a motion to alter or amend pursuant to Rule 59(e), SCRCP).

Moreover, we hold the family court properly weighed the factors for awarding attorney's fees in denying Mother's request. Mother obtained beneficial results regarding the custody modification; however, based on the financial declarations

she did not object to at trial, she earned almost double Father's monthly income. Additionally, Father incurred $9,300 of his own attorney's fees; the family court ordered him to pay $637 per month in child support; and Parents evenly split the $23,894.25 GAL's fee. We find ordering Father to pay more would significantly decrease his standard of living. Thus, we affirm the family court's denial of Mother's request for attorney's fees.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.